J-S19043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARRELL JOHNSON | : | |
| | : | |
| Appellant | : | No. 2721 EDA 2017 |

Appeal from the Judgment of Sentence July 19, 2017
in the Court of Common Pleas of Montgomery County
Criminal Division at No.:  CP-46-CR-0007273-2016

BEFORE:   SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                     **FILED MAY 21, 2018**

Appellant, Darrell Johnson, appeals from the judgment of sentence imposed following his jury conviction of two counts each of robbery and aggravated assault, and one count each of criminal conspiracy, person not to possess a firearm, and firearms not to be carried without a license.[1]  We affirm.

We take the relevant facts and procedural history of this case from our independent review of the certified record.  On August 20, 2016, at about 10:30 p.m., the victim, Anthony Gibbons, went to a bar with Appellant's cousin and accomplice in this crime, Latia Lofton.  While they were at the bar, Lofton

---

[1] 18 Pa.C.S.A. §§ 3701, 2702, 903, 6105 and 6106, respectively.  Appellant was ineligible to possess a firearm because of a prior robbery conviction, and did not own a valid license to conceal or carry a firearm.  (**See** N.T. Sentencing, 7/19/17, at 4-5, 18; N.T. Trial, 3/23/17, at 98).

---

*   Retired Senior Judge assigned to the Superior Court.

went in and out of the restroom multiple times, and used her cellphone to send text messages and make a phone call. When Gibbons and Lofton went outside to smoke a cigarette at Lofton's request, Appellant approached them with his face covered. Appellant was carrying a gun, and he snatched Lofton's pocketbook. Appellant put the gun to Gibbons' head and demanded his cellphone, keys and money.[2] Gibbons complied, and then pulled his own gun from his car. Both men started shooting, and Gibbons was struck in his foot and back. The bar owner called 911, and police and an ambulance responded to the scene.

Police recovered Lofton's cellphone, and downloaded and reviewed text messages from the night of the robbery indicating that she and Appellant planned the robbery together. One of the text messages read: "You gone [sic] see us out front. We in parking lot. Take my purse too." (N.T. Trial, 3/22/17, at 77, 87). Lofton eventually gave a statement to police confirming her involvement in the robbery.[3] Cell site analysis performed on Appellant's cellphone placed him in the general vicinity of the bar on the night of the incident. Police recovered a handgun from Appellant's home during a search

_____

[2] Relevant to this appeal, Gibbons testified that he had "a couple hundred" dollars on him, but not as much as $900.00. (N.T. Trial, 3/22/17, at 54-55). Lofton testified that, after the robbery, Appellant gave her $300.00, and told her that he took $900.00 from Gibbons. (*See id.* at 95-96).

[3] She entered an open guilty plea to the charges brought against her in this case. (*See* N.T. Trial, 3/22/17, at 92).

of his residence.  The gun matched the firearm used in the robbery, and DNA testing showed Appellant's DNA on the gun, along with two other contributors.

Appellant proceeded to a jury trial on March 22, 2017.  At the conclusion of the Commonwealth's case, defense counsel moved to dismiss the firearms not to be carried without a license charge, arguing that the Commonwealth failed to establish certain elements of the crime.  The trial court denied the motion.  The jury found Appellant guilty of the above-listed offenses on March 24, 2017.  On July 19, 2017, the trial court sentenced Appellant to an aggregate term of not less than twenty-five nor more than fifty years' incarceration.

Appellant, acting *pro se*, filed post-sentence motions dated July 25, 2017 and docketed on August 2, 2017, which the trial court accepted as timely under the prisoner mailbox rule.[4]  On August 8, 2017, the trial court entered an order denying the post-sentence motions and advising Appellant of his right

_____

[4] This rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing, *i.e.*, in this case, July 25, 2017.  **See Commonwealth v. Jordan**, 2018 WL 1476241, at *1 n.3 (Pa. Super. filed Mar. 27, 2018).

We note that, at the time Appellant filed his *pro se* post-sentence motions, his privately-retained trial counsel had not yet withdrawn his appearance.  While hybrid representation is generally not permitted, our Supreme Court has held that a *pro se* notice of appeal from a judgment of sentence filed by a represented appellant is not automatically void.  **See Commonwealth v. Cooper**, 27 A.3d 994, 1008 (Pa. 2011) (validating *pro se* notice of appeal filed by counseled criminal defendant).  Accordingly, in the interest of judicial economy, we will treat Appellant's post-sentence motions as timely, as the trial court did.  (**See** Trial Court Opinion, 12/18/17, at 2).

J-S19043-18

to appeal.  Appellant filed a timely counseled notice of appeal on August 25, 2017.  He timely complied with the trial court's order to file a concise statement of errors complained of on appeal, and the court entered an opinion on December 18, 2017.  ***See*** Pa.R.A.P. 1925.

Appellant raises three questions for our review:

> 1. Whether the trial court erred in denying Appellant's challenge to the weight of the evidence[?]
>
> 2. Whether the trial court erred in denying defense counsel's request for a corrupt and polluted source charge in the final charge to the jury[?[5]]
>
> 3. Whether the trial court erred in failing to grant Appellant's motion to dismiss the firearms charge at the end of the Commonwealth's case[?]

(Appellant's Brief, at 7) (unnecessary capitalization omitted).

Appellant first challenges the weight of the evidence supporting his conviction, claiming that Latia Lofton's testimony regarding the robbery was not credible or believable.[6]  (***See*** Appellant's Brief, at 16-25).  Appellant's argument focuses primarily on the discrepancy between the testimony of Lofton and Gibbons regarding the amount of money involved in the incident,

---

[5] "[T]he standard charge for accomplice testimony [is] commonly referred to as the corrupt and polluted source charge." ***Commonwealth v. Lawrence***, 165 A.3d 34, 44 (Pa. Super. 2017) (citation and footnote omitted).  In this case, the trial court issued such instruction immediately prior to Latia Lofton's testimony.  (***See*** N.T. Trial, 3/22/17, at 78-80).

[6] Appellant preserved his weight claim by raising it in his post-sentence motion.  ***See*** Pa.R.Crim.P. 607(A)(3).

which Appellant claims raises reasonable doubt as to whether a robbery occurred. (*See id.* at 16-17, 20-22, 25; *see also supra* at *2 n.2). Appellant asserts that "if [Gibbons] had a couple hundred dollars on him and Lofton claimed [Appellant] took [$]900.00 from [Gibbons] and gave [$]300.00 to Lofton, no robbery took place." (Appellant's Brief, at 25; *see id.* at 16, 22). This issue does not merit relief.

> At the outset, we note that the weight attributed to the evidence is a matter exclusively for the fact finder, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The grant of a new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that, notwithstanding all of the facts, certain facts are so clearly of greater weight, that to ignore them or to give them equal weight with all of the facts is to deny justice.

> An appellate court's purview:

> is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

> An appellate court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice. [T]he trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

*Commonwealth v. Hicks*, 151 A.3d 216, 223 (Pa. Super. 2016), *appeal denied*, 168 A.3d 1287 (Pa. 2017) (citations and quotation marks omitted).

Here, the trial court determined that the testimony of Lofton and Gibbons, when viewed as a whole, was complimentary, and that the difference regarding the amount of money taken was a minor discrepancy. (**See** Trial Ct. Op., at 6-7). Upon review of the record, we agree. As the trial court points out, the jury, as factfinder, heard each of the witnesses' testimony concerning the amount of money involved in the robbery and was free to resolve any conflict. Therefore, we conclude that the trial court did not abuse its discretion in finding that the jury's verdict did not shock its conscience. **See Hicks**, **supra** at 223.[7] Appellant's first issue lacks merit.

Appellant next challenges the trial court's denial of his request that it repeat, during its final charge to the jury, the corrupt and polluted source instruction that it had already issued immediately before Latia Lofton's testimony. (**See** Appellant's Brief, at 26-29; **see also supra** at *4 n.5). Appellant acknowledges that the court gave this instruction before Lofton's testimony, but contends that it was necessary for the court to restate it in its final charge. (**See** Appellant's Brief, at 26-27, 29). This issue does not merit relief.

_____

[7] In his weight claim, Appellant also briefly challenges the DNA evidence relating to the gun at issue in this case, arguing that although his DNA was on the gun, police should have analyzed the two other contributing DNA samples as potential perpetrators. (**See** Appellant's Brief, at 16, 23). However, this argument discounts the fact that the gun was found **in his home** shortly after the robbery, under a mattress. (**See** N.T. Trial, 3/23/17, at 27, 127). Furthermore, the jury heard testimony explaining that there were two other contributing DNA samples on the gun, and was free to weigh this evidence. (**See id.** at 77, 81); **see also Hicks**, **supra** at 223.

When reviewing jury instructions, we are governed by the following standard:

Our standard of review in assessing a trial court's jury instructions is as follows:

[W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. . . . Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Commonwealth v. Patterson*, 2018 WL 771822, at *5 (Pa. Super. filed Feb. 8, 2018) (citations omitted).

The Pennsylvania Rules of Criminal Procedure provide trial courts with the authority to give instructions to the jury "before the taking of evidence or at anytime during the trial as the judge deems necessary and appropriate for the jury's guidance in hearing the case." Pa.R.Crim.P. 647(E). Regarding the propriety of issuing a corrupt and polluted source instruction, this Court has explained:

. . . [I]n any case where an accomplice implicates the defendant, the judge should tell the jury that the accomplice is a corrupt and polluted source whose testimony should be viewed with great caution. . . .

The 'corrupt source' charge in particular is designed specifically to address situations where one accomplice testifies against the other to obtain favorable treatment. It directs the jury to view the testimony of an accomplice with disfavor and accept it only with care and caution.

*Lawrence*, *supra* at 44-45 (citations and most quotation marks omitted).

Here, as noted, the record reflects that the trial court **did issue** a thorough and comprehensive corrupt and polluted source instruction,

spanning more than two pages of the trial transcript, immediately before Lofton's testimony. (*See* N.T. Trial, 3/22/17, at 78-80). When defense counsel requested that the court repeat the instruction as part of its final charge, it declined to do so, stating: "I'm going to tell the jury again, as I've told them previously, the instructions are considered as a connected series and I'll remind them of the things I said earlier." (N.T. Trial, 3/23/17, at 102). At the beginning of its final charge, the court explained this continuum in instructions to the jury; stated that it would be happy to repeat any previously issued instruction; and directed that all of its instructions, taken together, constitute the law the jury must follow. (*See* N.T. Trial, 3/24/17, at 43). The court then issued a general charge regarding witness credibility, instructing the jury to consider whether the witnesses had any bias or motive to testify falsely, or any interest in the outcome of the case. (*See id.* at 43-45).

Upon review, we discern no abuse of discretion or error of law in the trial court's decision to decline to issue a second corrupt and polluted source jury instruction. *See Patterson*, *supra* at *5. The court issued the instruction when it deemed necessary and appropriate, and reminded the jury in the final charge of its obligation to follow all instructions. *See* Pa.R.Crim.P. 647(E). In his brief, Appellant concedes that he could find no case law to support his argument that the trial court was required to repeat an instruction it had already issued. (*See* Appellant's Brief, at 27). To the contrary, it is well-settled that the jury is presumed to follow all of the trial court's instructions. *See Commonwealth v. Smith*, 167 A.3d 782, 790 (Pa. Super.

2017), *appeal denied*, 179 A.3d 6 (Pa. 2018). Accordingly, Appellant's second issue merits no relief.

In his final issue, Appellant claims the trial court erred in failing to grant his motion to dismiss the firearms not to be carried without a license charge at the end of the Commonwealth's case. (**See** Appellant's Brief, at 30-34). He argues that the court should have granted this motion where the Commonwealth failed to establish the elements of transport or concealment of the gun. (**See id.** at 30, 33). This issue is waived.

"[W]hen a defendant does not rest following denial of a demurrer, but instead presents a defense, the correctness of the ruling on the demurrer is not preserved for appellate review; the proper procedure is to challenge the sufficiency of the evidence." **Commonwealth v. Zambelli**, 695 A.2d 848, 849 n.1 (Pa. Super. 1997) (citations omitted).

In this case, the record reflects that Appellant presented a defense after the court denied his motion for a demurrer. (**See** N.T. Trial, 3/23/17, at 100-01, 106). Therefore, we agree with the trial court and the Commonwealth that he did not properly preserve this issue for appellate review. **See Zambelli**, **supra** at 849 n.1; (**see also** Trial Ct. Op., at 11-12; Commonwealth's Brief, at 14-15).

Moreover, even if Appellant instead had challenged the sufficiency of the evidence to support the firearms violation, he would not be entitled to relief.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient

evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Mickel***, 142 A.3d 870, 876 (Pa. Super. 2016) (citations omitted).

Section 6106 of the Crimes Code provides, in pertinent part, that "any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree." 18 Pa.C.S.A. § 6106(a)(1). "[T]o establish a violation of section 6106, the Commonwealth must establish that a defendant acted intentionally, knowingly or recklessly with respect to each element[.]" ***Commonwealth v. Scott***, 176 A.3d 283, 291 (Pa. Super. 2017) (citations and internal quotation marks omitted).

Here, the evidence showed that Appellant drove his work van to the bar on the night of the incident. (***See*** N.T. Trial, 3/22/17, at 161-63). He approached Gibbons and Lofton outside of the bar with a gun, put the gun to

Gibbons' head, and shot him in the foot and back. (***See id.*** at 23-26). Police then recovered the gun from his home. (***See*** N.T. Trial, 3/23/17, at 27).

Upon review, viewing the evidence admitted at trial in the light most favorable to the Commonwealth as verdict winner, we conclude that the evidence was sufficient to sustain Appellant's conviction for firearms not to be carried without a license. The evidence clearly established that Appellant intentionally carried a firearm in a vehicle without a valid and lawfully issued license. ***See*** 18 Pa.C.S.A. § 6106(a)(1); ***Scott***, ***supra*** at 291. Therefore, Appellant's final issue would not merit relief, even if it were not waived. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/21/18

- 11 -