J-S78041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH A. FAY | : | |
| | : | |
| Appellant | : | No. 1764 EDA 2018 |

Appeal from the Judgment of Sentence May 3, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0006493-2017

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED JANUARY 11, 2019**

Appellant, Kenneth A. Fay, appeals from the judgment of sentence entered in the Court of Common Pleas of Delaware County following his conviction at a bench trial on the charges of driving while under the influence ("DUI")-General impairment-2nd offense, 75 Pa.C.S.A. § 3802(a)(1), and driving while operating privilege is suspended or revoked-DUI related, 75 Pa.C.S.A. § 1543(b)(1).  After a careful review, we are constrained to vacate the judgment of sentence for Appellant's conviction under 75 Pa.C.S.A. § 1543(b)(1); however, we affirm in all other respects.

The relevant facts and procedural history are as follows:  On February 9, 2018, Appellant, who was represented by counsel, proceeded to a non-jury trial, at which Glenolden Police Officer Robert Brake testified that, during the afternoon on October 2, 2017, he was on routine patrol when, at 2:33 p.m.,

_____

* Former Justice specially assigned to the Superior Court.

he observed a blue Ford Escape on North McDade Boulevard near West Cook Avenue. N.T., 2/9/18, at 7-8. Officer Brake explained that he was stopped at a red traffic signal on the northbound lane of North McDade Boulevard when he looked in his rearview mirror and noticed Appellant's blue Ford Escape traveling from the northbound lane into the median at a high rate of speed. *Id.* at 8-9. Appellant's vehicle went into the left turn only lane and, instead of making a left turn at the red traffic signal, he continued north into the median towards oncoming traffic for the left turn only lane of the southbound traveling lane. *Id.* Appellant continued driving for approximately one hundred yards and made a left turn into a parking lot. *Id.*

Officer Brake testified that he pulled into the parking lot behind Appellant's vehicle and activated his police cruiser's lights. *Id.* at 12. Appellant exited his vehicle and, in response, Officer Brake exited his cruiser and ordered Appellant to return to his vehicle. *Id.* at 15. Appellant "kept laughing at [the officer] and uncontrollably waving his arms at [him], telling [him] that he is a race car driver." *Id.* After several more commands from the officer, Appellant finally went back into his car. *Id.* at 16.

Officer Brake testified he asked Appellant for his driver's license, and Appellant gave him a Pennsylvania identification card. *Id.* at 18-20. Appellant refused to take a portable breath test or submit to a blood draw; due to Appellant's report of knee and foot injuries, Officer Brake did not administer field sobriety tests. *Id.* Officer Brake opined that, on October 2, 2017,

Appellant was driving while under the influence of alcohol to a degree that rendered him incapable of safe driving. *Id.* at 23. Officer Brake testified he reviewed Appellant's Pennsylvania driving record, and the Commonwealth entered into evidence a certified copy of Appellant's driver's history from the Pennsylvania Department of Transportation, Bureau of Driver's Licensing ("PennDot"). *Id.* at 21.

On redirect examination, Officer Brake testified that, in addition to searching Appellant's driving history in Pennsylvania, he also used his mobile database to search for Appellant's driving history in other states. *Id.* at 34. He discovered that Appellant had a driver's license in Maine, but it had been suspended. *Id.* The Commonwealth entered into evidence a certified copy of Appellant's driver's history from the Maine Department of Transportation, Department of State Certified Driving. N.T., 3/5/18, at 4.

Appellant took the stand in his own defense. Regarding whether Appellant had a valid driver's license on October 2, 2017, the following relevant exchange occurred on cross-examination:

> Q: You would agree with me that you did not have a valid driver's license back on October 2, 2017?
> A: I know I didn't and I was told that that's what I would have to do, drive without a license.
> Q: Okay. So—
> A: And that was from Harrisburg.
> Q: Okay. So you had an identification card—
> A: That's correct.
> Q: -- that was not a driver's license?

- 3 -

A: Correct.

Q: And you agree with me that your driver's license was at the time suspended, correct?

A: No. I was told by the DMV that my license wasn't suspended and it wasn't revoked. It just wasn't renewed.

Q: Sir, you also had a driver's license back on October 2, 2017 from the State of Maine, correct?

A: Yeah, I guess so.

Q: Okay. And that driver's license was also suspended, correct?

A: Yes, it was.

Q: And you knew that?

A: Yes, I did. That's why I tried to get a Pennsylvania license and they wouldn't give it to me.

*Id.* at 41-42.

On redirect examination, Appellant testified that, when the police stopped him in Maine, they informed him that his Maine driver's license would be suspended; however, Appellant never received any official notice from the State of Maine. *Id.* at 45-46.

At the conclusion of all testimony, the trial court convicted Appellant of the offenses indicated *supra*, and on May 3, 2018, following a sentencing hearing, the trial court sentenced Appellant to three months to six months in prison for the DUI conviction under Section 3802(a)(1), and ninety days in prison for the driving while license suspended-DUI related conviction under Section 1543(b)(1); the sentences to run concurrently. This timely, counseled

appeal followed.[1]  The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and after receiving an extension of time, Appellant filed the required statement.  The trial court filed a Rule 1925(a) opinion on August 3, 2018.

On appeal, Appellant does not challenge his conviction for DUI-2nd offense under 75 Pa.C.S.A. § 3802(a)(1).[2]  However, he contends the evidence was insufficient to support his conviction for driving while operating privilege is suspended or revoked-DUI related pursuant to 75 Pa.C.S.A. § 1543(b)(1).  Specifically, Appellant avers the Commonwealth failed to prove

_____

[1] We note that, while still represented by trial counsel, Appellant filed a *pro se* post-sentence motion. Since Appellant was represented by counsel, the trial court did not rule on the *pro se* motion; however, the prothonotary properly docketed the motion in accordance with Pa.R.Crim.P. 576(A)(4).  On appeal, this Court issued a rule to show cause to determine whether Appellant's instant appeal was from an interlocutory order.  In response, Appellant's counsel suggested Appellant's *pro se* post-sentence motion is a legal nullity and, consequently, the fact counsel filed the notice of appeal absent a trial court order disposing of the *pro se* motion does not require quashal of the appeal.  We agree.  ***See Commonwealth v. Reid***, 117 A.3d 777, 781 n.8 (Pa.Super. 2015) (holding *pro se* post-sentence motion while represented by counsel is a legal nullity); ***Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa.Super. 2007) (same); Pa.R.Crim.P. 576 cmt. (Rule 576(A)(4)'s "requirement that the clerk time stamp and make docket entries of the filings in these cases only serves to provide a record of the filing, and does not trigger any deadline nor require any response.").

[2] Accordingly, any issue with regard to his DUI-2nd offense conviction has been waived.  ***See*** Pa.R.A.P. 2119.

that, on the day of the offense, Appellant's operating privilege was, in fact, suspended or revoked.[3]

When considering a challenge to the sufficiency of the evidence, the standard we apply is as follows:

> [W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Johnson*, 192 A.3d 1149, 1155 (Pa.Super. 2018) (citation omitted).

Here, the trial court convicted Appellant of the offense of driving while operating privilege is suspended-DUI related pursuant to 75 Pa.C.S.A. § 1543(b)(1), which states:

---

[3] We note that, despite the fact Appellant preserved this sufficiency claim in his Pa.R.A.P. 1925(b) statement, the trial court failed to include in its opinion a discussion of this claim. Further, we note the Commonwealth indicates on appeal that it "is constrained to agree with [Appellant]" as to this issue. *See* Commonwealth's Brief at 5.

(1)   a person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S.A. § 1543(b)(1).

In the case *sub judice*, as indicated *supra*, in an effort to establish that Appellant's operating privilege was suspended or revoked when he was driving on October 2, 2017, the Commonwealth entered into evidence Appellant's certified driving records from PennDot and the State of Maine. The PennDot record reveals that Appellant's Pennsylvania driver's license was suspended effective June 16, 2005, for a violation of 75 Pa.C.S.A. § 1547 (chemical testing). **See** Commonwealth Exhibit 2. However, the PennDOT record also reveals that, on June 16, 2006, Pennsylvania restored Appellant's driving privileges.[4] **See id.**

_____

[4] Appellant's trial testimony suggests that, although he may have been eligible, he did not actually renew his Pennsylvania driver's license due to information provided by the Department of Motor Vehicles. N.T., 4/11/18, at 41-42. In any event, whether he actually renewed the license or was just eligible to do so, as of June 16, 2006, Appellant's Pennsylvania driver's license was no longer "suspended or revoked" as required for a conviction under Section 1543(b)(1).

Thereafter, Appellant secured a Maine driver's license and, on July 6, 2012, he was cited with Maine's statutes pertaining to the refusal of a chemical test and operating under the influence of intoxicants ("OUI"). **See** Commonwealth Exhibit 3. Regarding the refusal of a chemical test offense, the State of Maine suspended Appellant's driver's license until February 2, 2013. **See id.** Meanwhile, while the proceedings related to the July 2, 2012, OUI offense were pending, Appellant drove in Maine on November 23, 2012, while his operating privileges were suspended. **See id.**

On January 2, 2015, Maine convicted Appellant on his July 2, 2012, OUI offense, as well as his November 23, 2012, driving while operating privileges were suspended offense. As a result, Appellant's driving privileges in Maine were suspended until April 2, 2015. **See id.** Thereafter, on January 19, 2015, Appellant was cited with driving to endanger,[5] and following his conviction on this offense, on March 26, 2015, Maine revoked Appellant's driver's license until March 26, 2018, as he was a "habitual offender."[6] **See id.**

_____

[5] Maine's driving to endanger statute relevantly provides: "A person commits a Class E crime if, with criminal negligence as defined in Title 17-A, that person drives a motor vehicle in any place in a manner that endangers the property of another or a person, including the operator or passenger in the motor vehicle being driven." Me.Rev.Stat. tit. 29-A, § 2413 (footnote omitted).

[6] Maine's habitual offender statute indicates that a person who has accumulated three or more convictions for various separate acts within a five year period is considered a habitual offender. Me.Rev.Stat. tit. 29-A, § 2551-A. Here, Maine found Appellant to be a habitual offender based on his OUI

Appellant's OUI conviction in Maine was reported to PennDot,[7] and thus, the PennDot record contains the following entry (verbatim):

> VIOLATION DATE: Jul 06 2012
> VIOLATION: Vehicle Code 3802(a)(2)    MAJOR VIOLATION
> DESCRIPTION: DUI BAC .08 -< .10
>             VIOL. REPORT FROM ME (DLC CONV)
> NATIONAL CODE: A20, DUI of ALCOH OR DRUGS
> COMM VEHILCE: NO
> HAZMAT: NO
> CLD HOLDER: NO
> CONVICTION DATE: JAN 02 2015
> ACTION: **NO ACTION DLC**
>             OFFICIAL NOTICE MAILED MAR 11, 2015

Commonwealth Exhibit 2 (emphasis added).

Based on the aforementioned, applying the appropriate standard of review, the PennDot driving records reveal that, on October 2, 2017 (the date of the instant offense), Appellant's Pennsylvania driver's license was not in a "suspended or revoked" status since Appellant's operating privileges had been restored on June 16, 2006, and Pennsylvania took no action with regard to Appellant's violation in Maine.

Further, with regard to Appellant's Maine driver's license, Appellant's Maine driver's license was in a revoked status at the time he was driving in

_____

conviction, his driving while under suspension conviction, and his driving to endanger conviction. ***See id.***; Commonwealth Exhibit 3.

[7] Article III of the Driver's License Compact states in part that "[t]he licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee." 75 Pa.C.S. § 1581, Art. III.

Pennsylvania on October 2, 2017. However, assuming, *arguendo*, he could otherwise be cited under Section 1543(b)(1) for driving in Pennsylvania with a revoked Maine license, the record reveals Appellant's Maine license was not revoked "for an offense substantially similar to a violation of [S]ection 3802 or former [S]ection 3731" pertaining to Pennsylvania's DUI statutes. **See** 75 Pa.C.S.A. § 1543(b)(1). Rather, Appellant's Maine driver's license was revoked due to an accumulation of various traffic offenses, including non-DUI related offenses, for which Maine deemed him to be a "habitual offender."

Accordingly, viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, we conclude the evidence is insufficient to sustain Appellant's conviction for driving while operating privilege is suspended or revoked-DUI related under Section 1543(b)(1). Accordingly, we vacate Appellant's conviction and judgment of sentence for this conviction. However, in light of the trial court's imposition of concurrent sentences, we have not upset the trial court's sentencing scheme and, thus, we find it unnecessary to remand for resentencing. **See Commonwealth v. Thur**, 906 A.2d 552 (Pa.Super. 2006).

Judgment of Sentence for 75 Pa.C.S.A. § 1543(b)(1) is Vacated. Judgment of Sentence Affirmed in all other respects. Jurisdiction is Relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/19