J-S07038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VERNON KEITH MILLER | : | |
| | : | |
| Appellant | : | No. 1489 MDA 2018 |

Appeal from the PCRA Order Entered August 7, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002364-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VERNON KEITH MILLER | : | |
| | : | |
| Appellant | : | No. 1490 MDA 2018 |

Appeal from the PCRA Order Entered August 7, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002296-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VERNON KEITH MILLER | : | |
| | : | |
| Appellant | : | No. 1491 MDA 2018 |

Appeal from the PCRA Order Entered August 7, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002297-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

J-S07038-19

:
v.                                   :
                                     :
                                     :
VERNON KEITH MILLER                  :
                                     :
        Appellant                    :        No. 1492 MDA 2018

Appeal from the PCRA Order Entered August 7, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002298-2011

COMMONWEALTH OF PENNSYLVANIA      :        IN THE SUPERIOR COURT OF
                                  :               PENNSYLVANIA
                                  :
v.                                :
                                  :
                                  :
                                  :
VERNON KEITH MILLER               :
                                  :
        Appellant                 :        No. 1493 MDA 2018

Appeal from the PCRA Order Entered August 7, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002302-2011

COMMONWEALTH OF PENNSYLVANIA      :        IN THE SUPERIOR COURT OF
                                  :               PENNSYLVANIA
                                  :
v.                                :
                                  :
                                  :
                                  :
VERNON KEITH MILLER               :
                                  :
        Appellant                 :        No. 1494 MDA 2018

Appeal from the PCRA Order Entered August 7, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002303-2011

COMMONWEALTH OF PENNSYLVANIA      :        IN THE SUPERIOR COURT OF
                                  :               PENNSYLVANIA
                                  :
v.                                :
                                  :
                                  :

- 2 -

VERNON KEITH MILLER        :
       :
      Appellant        :    No. 1495 MDA 2018

Appeal from the PCRA Order Entered August 7, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002304-2011

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
       :           PENNSYLVANIA
       :
      v.        :
       :
       :
VERNON KEITH MILLER        :
       :
      Appellant        :    No. 1496 MDA 2018

Appeal from the PCRA Order Entered August 7, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002359-2011

BEFORE:    OLSON, J., McLAUGHLIN, J., and PELLEGRINI[*], J.

MEMORANDUM BY PELLEGRINI, J.:        **FILED FEBRUARY 27, 2019**

In these consolidated cases, Vernon Keith Miller (Miller) appeals from the order entered by the Court of Common Pleas of Lancaster County (PCRA court) dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Miller raises three claims of ineffective assistance of trial counsel. We affirm.

We take the following facts and procedural history from the PCRA court's August 7, 2018 opinion and our independent review of the certified record. This case stems from Miller's burglary and attempted burglary of numerous

---

[*] Retired Senior Judge assigned to the Superior Court.

homes over a several month period. Miller proceeded to a five-day jury trial in September 2012 and was convicted of ten counts of Burglary, three counts of Criminal Attempt to Commit Burglary, and one count of Receiving Stolen Property, on eight separate docket numbers.[1] The trial court sentenced him to an aggregate term of not less than twenty-nine and one-half nor more than sixty-one years' incarceration. This Court affirmed the judgment of sentence on July 28, 2015, and our Supreme Court denied further review on February 25, 2016. Miller did not file a petition for writ of *certiorari* with the United States Supreme Court.

Miller filed the instant timely *pro se* PCRA petition in May 2017 and Appointed Counsel subsequently filed an amended petition. The PCRA court denied the petition following an April 2018 hearing and this timely appeal followed. The PCRA court and Miller complied with Pennsylvania Rule of Appellate Procedure 1925. **See** Pa.R.A.P. 1925.

All of Miller's claims on appeal relate to the assistance of his trial counsel.[2] It is well-settled that "to prove counsel ineffective, the petitioner

---

[1] 18 Pa.C.S. §§ 3502(a), 901(a), and 3925(a), respectively.

[2] "When reviewing a denial of PCRA relief, we must determine whether the PCRA court's factual findings are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Clancy**, 192 A.3d 44, 63 (Pa. 2018) (citation omitted). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party." **Id.** (citation omitted). "Although we are bound by credibility determinations, we apply a *de novo* standard of review to legal conclusions." **Id.** (citation omitted).

- 4 -

must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." ***Commonwealth v. Sarvey***, 2018 WL 6009316, at *8 (Pa. Super. filed Nov. 16, 2018) (citation omitted). Counsel is presumed effective, and if a petitioner is unsuccessful in establishing any of these prongs, his claim fails. ***See id.*** "[A] court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." ***Id.*** (citation omitted).

Miller first argues that trial counsel was ineffective for neglecting to challenge the qualification of a Pennsylvania State Police witness, Corporal Randy Moncello, as an expert in the field of impression evidence, capable of rendering opinions on the relation between shoes and shoe prints. (***See*** Miller's Brief, at 16-21). This issue does not merit relief.

Rule 702 of the Pennsylvania Rules of Evidence governs the general admissibility of expert testimony, and provides that such testimony is admissible where the person's scientific, technical or other specialized knowledge is beyond that possessed by the average layperson and will help the fact-finder to understand the evidence or determine a fact at issue. ***See*** Pa.R.E. 702(a)-(b). "The standard for qualification of an expert witness is a liberal one." ***Commonwealth v. Toritto***, 67 A.3d 29, 37 (Pa. Super. 2013), *appeal denied*, 80 A.3d 777 (Pa. 2013) (citation omitted). "The test to be applied when qualifying an expert witness is whether the witness has any

reasonable pretension to specialized knowledge on the subject under investigation." *Id.* (citation omitted).

Here, as the PCRA court explained:

> . . . Corporal Moncello testified that he has more than eleven years of experience as a latent print and impression examiner with the Pennsylvania State Police Bureau of Forensic Services, with extensive experience in collecting and analyzing fingerprints, shoe prints, tire prints, glove impressions and other such impressions. He also testified that he has specialized training in photographing and examining such evidence, including specific training in the examination of shoe prints, that he has assisted with and taught a course on how to properly collect, photograph and scale shoe and tire impression evidence and that he has been qualified as an expert thirty-three times in fifteen different counties within the Commonwealth.

(PCRA Court Opinion, at 4) (footnotes omitted).

At the PCRA hearing, trial counsel for Miller testified that he did not challenge the qualification of Corporal Moncello as an expert because it was apparent that his training, experience, attention to detail and equipment exceeded that possessed by an average layperson. (*See* PCRA Hearing, at 7-8). In light of this, counsel believed that any objection to Corporal Moncello as an expert would fail, and his strategy was instead to minimize his testimony and address its limitations. (*See id.* at 8-9, 16-17). Thus, after review of the record, we agree with the PCRA court's conclusion that counsel had a reasonable basis for not objecting to the corporal's qualification as an expert witness. *See Sarvey*, *supra* at *8 ("Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct

that had some reasonable basis designed to effectuate his client's interests.") (citation omitted). Therefore, Miller's first claim merits no relief.

Miller next argues that trial counsel was ineffective for not challenging the trial court's jury instruction on burglary, where the court failed to explain the elements of theft,[3] which must be proven to establish a burglary conviction. (**See** Miller's Brief, at 21-23). This issue does not merit relief.

A jury charge must be considered as a whole rather than in isolated fragments. **See Commonwealth v. Rush**, 162 A.3d 530, 540 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1049 (Pa. 2017). Trial courts have broad discretion in crafting jury instructions, and a charge will be found inadequate only if the issues are not made clear to the jury or if the jury was palpably misled. **See id.**

Instantly, the trial court clearly set forth the elements of burglary and explained that one such element that the Commonwealth must prove is "the defendant entered those locations with the intent to commit the crime of theft inside." (N.T. Trial, at 697). Although the court did not immediately define the offense of theft, it later explained during its discussion of the theft by receiving stolen property charge, that "a theft offense . . . [occurs when] property . . . has [been] unlawfully taken from its owner with the intent to deprive the owner of it." (**Id.** at 700). Thus, considering the charge as a

---

[3] "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a).

whole, the trial court **did** instruct the jury regarding the elements of theft. Further, the term "theft" is familiar to the average layperson and "is commonly understood as stealing[.]" ***Commonwealth v. Yarris***, 549 A.2d 513, 527 (Pa. 1988), *cert. denied*, 491 U.S. 910 (1989).  Based on all of the foregoing, we conclude that Miller's underlying challenge to the trial court's jury instruction lacks arguable merit and "counsel cannot be deemed ineffective for failing to raise a meritless claim." ***Commonwealth v. Smith***, 181 A.3d 1168, 1175 (Pa. Super. 2018), *appeal denied*, 193 A.3d 344 (Pa. 2018) (citation omitted).  Therefore, Miller's second issue merits no relief.

Finally, Miller claims that trial counsel was ineffective for failing to litigate a claim that the verdict was against the weight of the evidence where the evidence presented by the Commonwealth was circumstantial in nature. (***See*** Miller's Brief, at 24-29).  We disagree.

"At the outset, we note that the weight attributed to the evidence is a matter exclusively for the fact finder, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." ***Commonwealth v. Johnson***, 192 A.3d 1149, 1152 (Pa. Super. 2018) (citation omitted).  It is well-settled that the Commonwealth may sustain its burden of proof by means of wholly circumstantial evidence.  ***See*** ***Commonwealth v. Matthews***, 196 A.3d 242, 249 (Pa. Super. 2018).

Here, at the PCRA hearing, trial counsel testified that he did not consider raising a weight claim following the verdict because "the case was supported by hundreds of items of circumstantial evidence," and he "didn't feel that the

verdict was against the weight of the evidence." (N.T. PCRA Hearing, at 12).

As the PCRA court aptly explained:

> [T]he uncontroverted testimony offered at trial demonstrated that [Miller] was found in possession of items reported stolen during some of the burglaries, including items with little to no value to anyone aside from the victims, such as a baptismal certificate, insignificant paperwork and a power of attorney. Testimony also established that shortly after one of the burglaries, [Miller] had sold coins to a pawn shop that were reported as stolen during one of [the] burglaries. A search of [Miller's] vehicle recovered a pair of gloves, which would explain the lack of fingerprints at burglarized residences, and a chipped and bent screwdriver, which was distinctly consistent with the pry marks found at most of the burglarized residences. Furthermore, [Miller] was found to possess certain pairs of shoes that, while being popular brands, have distinct tread patterns that were associated with the tread patterns found at the scenes of a significant number of the burglaries. As [Miller] was found not guilty on docket number 2295 of 2011, where he was charge[d] with one count of burglary, it is evident that the jury properly weighed the evidence on a case-by-case [basis] in discharging its duty and determining whether the Commonwealth had met its burden of proof as to each charge. It does not appear that the jury ignored any particular facts to which it should have given greater weight as the weight of the evidence offered at trial clearly supports the jury's verdict. That verdict does not shock one's sense of justice and, therefore, trial counsel was not ineffective in failing to challenge it as being against the weight of the evidence.

(*See* PCRA Ct. Op., at 8-9) (footnotes omitted).

After review, we agree with the PCRA court's determination that Miller's underlying claim challenging the weight of the evidence lacks arguable merit. Trial counsel was, therefore, not ineffective for declining to pursue it. Because Miller's final issue lacks merit, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/27/2019