J-S21004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AQUIL JOHNSON | |
| Appellant | No. 3497 EDA 2017 |

Appeal from the PCRA Order Entered September 28, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: MC-51-MD0000127-2013

BEFORE:  STABILE, MURRAY, JJ., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 17, 2019**

Appellant, Aquil Johnson, appeals *pro se* from the September 28, 2017 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We reverse and remand.

During a January 25, 2013 *voir dire* proceeding at Appellant's trial for attempted murder, aggravated assault, and conspiracy, Judge Chris R. Wogan of the Philadelphia County Court of Common Pleas held Appellant in contempt of court for disruptive behavior.  The trial court imposed three to six months of incarceration for contempt.  The official docket reflects a motion for contempt, a finding of contempt, and a sentence imposed all on January 8, 2013.  Subsequently, at the March 15, 2013 sentencing in the attempted murder case, which proceeded under a separate criminal docket number, the trial court vacated the contempt convictions and indicated that it would not

impose any sentence for contempt. The certified docket for the instant matter does not reflect that the trial court vacated the sentence.

Appellant did not file a direct appeal of the contempt sentence. A postage order indicates that Appellant mailed a timely first PCRA petition on January 2, 2014.[1] According to the PCRA court's opinion, authored by Judge Sean F. Kennedy of the Philadelphia Court of Common Pleas, Appellant's original petition was mishandled by the court system. PCRA Court Opinion, 8/15/18, at 2. Appellant therefore refiled the petition on June 30, 2014, after the PCRA's one-year deadline expired. The certified docket reflects that Appellant filed his PCRA petition on that date. Given the PCRA court's finding that Appellant's original petition was mishandled, we conclude Appellant timely filed his petition on January 2, 2014 pursuant to the prisoner mailbox rule. *See Commonwealth v. Johnson*, 192 A.3d 1149, 1151 n.4 (Pa. Super. 2018) (noting that a document from a *pro se* prisoner is deemed filed on the day he gives it to prison authorities for mailing), *appeal denied*, 200 A.3d 440 (Pa. 2019).

Appellant's *pro se* brief to this Court, while difficult to follow, addresses the timeliness of his petition, the propriety of the trial court's finding of contempt, the legality of the contempt sentence, and Judge Wogan's alleged

---

[1] A petitioner must file a PCRA petition within one year of the date on which the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1).

bias against Appellant. Judge Kennedy explains in his opinion that he denied relief because Judge Wogan eventually vacated the contempt sentence. PCRA Court Opinion, at 5. Thus, Judge Kennedy believed Appellant already received the relief he is seeking. The Commonwealth acknowledges that Judge Wogan intended to vacate the contempt sentence at issue, but notes that the certified docket does not reflect an order to that effect. The Commonwealth does not oppose a remand for that purpose. Given the agreement among the parties and the PCRA court that the instant contempt sentence should be vacated, we will remand for entry and docketing of an appropriate order.[2] Given our disposition, we need not analyze the merits of Appellant's arguments.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/19

---

[2] It is not clear that Judge Wogan had jurisdiction to vacate the January 8, 2013 contempt sentence at the March 15, 2013 criminal sentencing, as more than thirty days elapsed in the interim. *See* 42 Pa.C.S.A. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."). Appellant's timely PCRA petition, however, gives this Court jurisdiction to remand for entry of an order in accord with Judge Wogan's stated intent.