J-S69042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOWANDA NICOLE SMITH | : | |
| | : | |
| Appellant | : | No. 558 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 24, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004139-2017

BEFORE:   SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED MARCH 11, 2020**

Towanda Nicole Smith (Appellant) appeals from the judgment of sentence entered after a jury found her guilty of firearm not to be carried without a license.[1]  Upon review, we affirm.

Appellant was charged with both firearm not to be carried without a license and possession of firearm/other dangerous weapon in court facility,[2] after she entered the Delaware County Court House annex on June 19, 2017, carrying a black bag with a firearm inside.  Following a jury trial on December 11 and 12, 2018, she was found not guilty of the possession of firearm in court

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 6106(a)(1).  Section 6106(b) enumerates sixteen exceptions to Section 6106(a). Only one of these exceptions, discussed below, has been claimed by Appellant to be relevant to this case.

[2] 18 Pa.C.S.A. § 913(A)(1).

facility charge. For the charge on which she was found guilty, Appellant was sentenced, on January 24, 2019, to time served to 23 months' incarceration in the Delaware County prison, with a consecutive 3 years' of county probation. No post-sentence motions were filed, and on February 22, 2019, Appellant filed a counseled notice of appeal. The trial court ordered a 1925(b) statement; however, Appellant's counsel filed a 1925(b) statement of intent to file an *Anders* brief.[3] On May 28, 2019, this Court granted Appellant's motion to vacate briefing schedule and remand to the trial court for new counsel to file an amended 1925(b) statement. Upon remand, and after filing of the amended 1925(b) statement, the trial court was directed to file a supplemental 1925(a) opinion, and did so on August 15, 2019.

We take the relevant facts underlying this appeal from our independent review of the certified record. On June 19, 2017, at about 1:30 pm, Appellant entered the Curran Domestic Relations Building, which is part of the Delaware County Court House Complex located at 201 W. Front Street, in the borough of Media. She was apprehended at the entryway walk-through metal detector/conveyor belt by Officer Charles Young, who testified that when Appellant placed a bag inside the scanning device, he observed the shape of a firearm inside. N.T., 12/11/18 at 145. Officer Young instructed Appellant not to move through the walk-through, and asked her whether she was aware that she had what appeared to be a firearm in her handbag. *Id*. at 147.

---

[3] *Anders v. California*, 386 U.S. 738 (1967).

Officer Young testified that initially, Appellant responded, "no, I don't believe so," and he requested that she remain where she was and called his supervisor, Corporal Roger L. Joseph, who arrived in approximately one minute. *Id*. at 147, 152. However, Officer Young testified further that just prior to Corporal Joseph's arrival, Appellant stated, "I am sorry. I forgot it was in there. It's my gun." *Id*. at 152. Appellant's bag was searched upon Corporal Joseph's arrival, and a firearm, with no magazine or clip of ammunition, was removed; it was later stipulated that the firearm was operable. *Id*. at 150; Exhibit C-3. When shown the image from the scanner, Officer Young identified additional items visible as "one spiral notebook, one cell phone, some other smaller metallic object, possibly keys," and the firearm. N.T., 12/11/18 at 146; Exhibit C-1. Officer Young testified that there were no bullets inside the gun, nor was there an ammunition clip or bullets inside the bag. N.T., 12/11/18 at 151. Corporate Joseph testified that he determined that Appellant did not have a carry permit for the firearm, and advised her that she would be detained for further investigation. N.T., 12/12/18 at 9. He was asked whether, at any point, Appellant had indicated to him that she did not know the gun was inside the bag, and he testified, "[n]o." *Id*.

Appellant's mother testified, stating that while helping Appellant pack up her belongings at Appellant's residence in Jacksonville, Florida, in preparation for a move to Philadelphia, she discovered, on the top shelf of a closet, a firearm in a shoebox. *Id*. at 18. Appellant's mother testified that

she took the gun out of the shoebox and placed it in a black bag that Appellant uses to carry her birth certificate, the birth certificates of her two daughters (ages 2 and 15), and social security information. *Id*. Appellant's mother stated that the following day, she drove to Philadelphia with Appellant and Appellant's two daughters, with the black bag in the trunk, together with clothing and a big trash bag full of the childrens' clothing. *Id*. at 20. She testified that everything was happening very fast, and she did not let Appellant know that she had placed the weapon inside the black bag. *Id*. at 21. Appellant's mother testified that upon arrival in the Philadelphia area the next day, they dropped off one of Appellant's daughters at Appellant's mother's house, then drove to Appellant's mother's school, where she picked up a book she needed, and on to the Court House, so that Appellant could register for child support. *Id*. at 23.

Appellant testified that she did not assist her mother in packing up her things because she was almost five months' pregnant and experiencing complications from the pregnancy. *Id*. at 32. She stated that they left Florida at 9 or 10 p.m., and drove straight through to Pennsylvania, and that upon arrival at the Court House, she picked up her handbag from the front seat, and retrieved her black bag, containing her document files, from the trunk of the car. *Id*. at 34-35. Appellant testified that she was dumbfounded when the officer pointed to the outline of a weapon in the bag, and that she kept telling him, "I did not put it in that bag, I don't know how it got in that bag."

*Id*. at 37.  On cross-examination, Appellant denied that she had told Officer Young that she had forgotten that the gun was in the bag.  *Id*. at 42.

Appellant raises a single issue for our consideration on appeal:

> Did the Commonwealth submit sufficient evidence to prove the necessary element of "concealment" beyond a reasonable doubt, in its prosecution of the charge of violating 18 Pa.C.S.A. 6106(a)?

Appellant's Brief at 4 (unnecessary capitalization and number omitted).

A challenge to the sufficiency of evidence presents a pure question of law and, as such, our standard of review is *de novo* and our scope of review is plenary.  *Commonwealth v. Jacoby*, 170 A.3d 1065, 1076 (Pa. 2017).

> When reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt.  The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence.  As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Hill*, 210 A.3d 1104, 1112 (Pa. Super. 2019) (citations, quotation marks, and brackets omitted).

Section 6106(a) of the Crimes Code provides in relevant part:

> (1) [A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of

business, without a valid and lawfully issued license under
this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a)(1). Our Court has made clear that because Section 6106 does not contain an explicit culpability requirement, and because the legislature has not plainly indicated its intent to create a strict-liability crime, the Commonwealth must establish that a defendant acted "intentionally, knowingly, or recklessly" with respect to each element, including the element of carrying and concealment, in order to establish a violation. *Commonwealth v. Johnson*, 192 A.3d 1149, 1155 (Pa. Super. 2018); *Commonwealth v. Scott*, 176 A.3d 283, 285 (Pa. Super. 2017). It was stipulated at trial that Appellant did not have a license to carry the weapon and that she was not in her place of abode or fixed place of business. Appellant contends, however, that the material element of "carrying a weapon concealed on or about her person" has not been met, with a record devoid of evidence that she had knowledge of the firearm in her bag. She asserts that her conduct was atypical of a person in knowing possession of a firearm (as evidenced by the fact that there was no attempt on her part to flee, to run, or to coerce) and that the only inference that could be deduced from her testimony, and the testimony of her mother, was that she was unaware that the weapon was in her bag. We do not agree.

The jury heard the testimony of Officer Young that shortly after her initial statement denying that there was a firearm in her bag, Appellant altered her response, stating that she was sorry, she had forgotten that it was there,

and that it was her gun. Furthermore, despite Appellant's testimony that she stated at the scene, over and over again, that she did not know that the gun was in her bag, Corporal Joseph testified that at no point did Appellant state that she did not know the firearm was in her bag. It is well-settled that it is the province of the jury to determine the credibility of the witnesses, and the weight to be accorded their testimony; they may believe all, part or none of the evidence, and an appellate court cannot substitute its judgment for that of the jury on issues of credibility. ***Commonwealth v. Lopez***, 57 A.3d 74, 81 (Pa. Super. 2012). We find that there was sufficient evidence presented at trial for the jury to have determined that Appellant knew the firearm was in her bag.

Appellant argues that the jurors were precluded from deliberating on the element of concealment, and misled to believe that her knowledge of the firearm's existence in the bag was irrelevant, citing the prosecutor's remarks to that effect in closing argument. However, defense counsel did not object to the prosecutor's remarks.[4] Moreover, although the trial court failed to charge the jury on this element, the record is clear that at the completion of the trial court's charge to the jury, both prosecutor and defense counsel

---

[4] Indeed, at trial, defense counsel argued that Appellant was not guilty of the firearm not to be carried charge, not because she had no knowledge that it was in her bag, but rather because she was entitled to the exception provided within Section 6106(2)(b) of the statute applicable to persons carrying an unloaded weapon in a secured wrapper while moving from one place of abode to another, and the trial court instructed the jury on this exception. N.T., 12/12/18 at 49, 69.

indicated, outside the jury's hearing and presence, there was no objection to the trial court's instructions. N.T., 12/12/18 at 73-74. As such, this issue is waived and cannot be considered on appeal. ***Jones v. Ott***, 191 A.2d 782, 791-92 (Pa. 2018); ***Commonwealth v. Powell***, 956 A.2d 406, 422 (Pa. 2008) (defense counsel's failure to specifically object at the close of the instruction, particularly where the court concluded by questioning counsel if there is "anything additional either of counsel wish the court to charge," renders the claim waived).[5]

Because we find that the record contains sufficient evidence for the conviction for firearm not to be carried without a license, and we are precluded from substituting our judgment for that of the jury, as fact-finder, Appellant is entitled to no relief on her issue, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/20

---

[5] Any relief based on these errors is therefore limited to a claim for ineffective assistance of counsel in proceedings under the PCRA.