J-S07004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEEON D. JONES | : | |
| | : | |
| Appellant | : | No. 1351 MDA 2018 |

Appeal from the Judgment of Sentence Entered March 28, 2018
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001080-2017

BEFORE: OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 15, 2019**

Appellant, Keeon D. Jones, appeals from the judgment of sentence entered on March 28, 2018, following his jury trial convictions for possession of a controlled substance, two counts of possession with intent to deliver a controlled substance (PWID), possession of drug paraphernalia, and false identification to law enforcement authorities.[1] We affirm.

We briefly summarize the facts and procedural history of this case as follows. On May 22, 2017, police responded to a call that there was a disabled vehicle on Interstate 81 in East Hanover Township in Lebanon County. When police arrived on the scene, three women and two men were present. A man and a woman were standing outside of the vehicle and the other three people were in the backseat of the car. The male who was standing outside, later

---

[1] 35 P.S. § 780-113(a)(16), 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(32), and 18 Pa.C.S.A. § 4914, respectively.

---

* Retired Senior Judge assigned to the Superior Court.

identified as Antonio Acklin, got back into the car in the driver's seat when police arrived. Upon request, Acklin produced his Ohio driver's license to police. At that time, police detected the odor of marijuana. Police determined that one of the women owned the car and she consented to a search of the vehicle. All five people were ordered out of the car. During an initial search, Police uncovered a plastic grocery bag that contained hundreds of little glass vials with caps, colored plastic bags, razors, and a digital scale.

As a result, police detained Acklin and the other male, who was later identified as Appellant, by placing them in the back of a police cruiser. Police also detained two of the females, but not the third woman who was pregnant. Before placing Appellant in the police car, however, police searched Appellant and recovered $1,246.00 in cash from his person. While inside the police vehicle, the police recorded the conversations between Acklin and Appellant, using the cruiser dashboard camera and a microphone.

Officer James Paparella and Officer Travis Kauffman were two of the investigating police officers who testified at trial. When Officer Paparella asked Appellant for identification while he was in the back of the police car, Appellant gave Officer Paparella two false names, but police were eventually able to identify him. At trial, the Commonwealth presented the videotaped conversations between Acklin and Appellant in the police car. The video depicts the scene as seen from inside the police car facing out the front window and shows police searching the vehicle in question, but the sound captured the two men inside the vehicle. Appellant told Acklin not to worry because

police only recovered "empty bottles and a scale." Appellant further told Acklin that such a police discovery would only support the issuance of a citation, he asked Acklin to take responsibility for the items, and chastised Acklin for not doing more to insure that police would not impound the vehicle. Appellant also discussed his outstanding warrants and concern that he would not be able to make bail because police confiscated the money he was carrying.

Police summoned a canine (K-9) unit to the scene. The K-9 unit alerted police to additional contraband in the trunk. The video shows police removing and unwrapping a plastic bag containing a white powder. Inside that bag, police also discovered later approximately 50 various prescription pills.[2] Police took Appellant into custody and permitted the four other people present to leave in the vehicle they just searched. Police transported Appellant to the police station and gave him warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). Appellant told police that there was a warrant for his arrest in New Jersey because during a vehicular stop there a local police officer said he smelled marijuana and Appellant fled. Appellant was on parole at that time. When asked whether the package containing white powder was crack cocaine, Appellant replied that it was cocaine. He claimed that he could not return to work after he fled from police in New Jersey and that he had to make ends meet.

---

[2] Subsequent chemical testing revealed that the white powder was cocaine and the pills were Oxycodone, Codeine, and Diazepam.

At trial, Appellant testified. Appellant claimed that the recovered narcotics and paraphernalia belonged to Acklin. He maintained that the recorded conversation showed that Appellant was asking Acklin to take responsibility for Acklin's own crimes. Appellant claimed that he had money on his person because he cashed his last paycheck before leaving New Jersey. Appellant testified that during the investigation, he was most concerned about warrants for his arrest. Appellant denied subsequently telling police that he had fallen on hard times or that the alleged narcotics were cocaine.

At the conclusion of trial on February 27, 2018, a jury convicted Appellant of the aforementioned charges. The trial court sentenced Appellant on March 28, 2018 to an aggregate term of three-and-one-half to nine years of imprisonment. This timely appeal resulted.[3]

---

[3] Appellant filed a timely post-sentence motion on April 9, 2018. **See** PA.R.Crim.P. 720 (post-sentence motions shall be filed not later than 10 days after the imposition of sentence); **see also** 1 Pa.C.S.A. § 1908 (whenever the last day for filing falls on a weekend, those days are omitted from computation). A trial court has 120 days to decide a post-sentence motion or it is deemed denied by operation of law. **See** Pa.R.Crim.P. 720(B)(3)(a). If a post-sentence motion is deemed denied by operation of law, the clerk of courts shall enter an order deeming the motion denied and serve copies to the parties. **See** Pa.R.Crim.P. 720(B)(3)(c). Here, the 120th day fell on August 7, 2018. However, the clerk of courts failed to enter a deemed denial order. The trial court then filed an opinion and order on August 10, 2018, denying Appellant relief. Appellant filed a notice of appeal on August 13, 2018. The notice of appeal was timely either from the deemed denial following the 120-day period under Rule 720, despite the clerk of courts failure to enter an order, or from the trial court's August 13, 2018 decision. **See** Pa.R.A.P. 903 (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken). On August 27, 2018, the trial court ordered Appellant to file a concise statement of errors complained of on appeal

On appeal, Appellant presents the following issues for our review:

1. Whether [Appellant's] motion for acquittal should [have] be[en] granted due to the Commonwealth's failure to present sufficient evidence at trial?

2. Whether the jury's verdict was against the weight of the evidence?

3. Whether [the trial c]ourt erred when it refused to grant a mistrial after Trooper Paparella of the Pennsylvania State Police testified to previously undisclosed information concerning marijuana use by the occupants of the vehicle?

Appellant's Brief at 4 (issue numbers supplied).

In his first issue presented, Appellant claims that, "[t]he Commonwealth failed to present sufficient evidence at trial that [he] possessed the controlled substances and paraphernalia found in the trunk of the vehicle." Appellant's Brief at 13. More specifically, he argues:

[Appellant] testified that he was not the owner of the items. His testimony is supported by the lack of controlled substances or paraphernalia on his person. The vehicle, where the items were found, does not belong to him. The female owner of the vehicle admitted to regular mari[j]uana use in her vehicle. The Commonwealth attempted to bolster [Appellant's] connection to the controlled substances through his possession of a large sum of money. [Appellant] explained it was from his employment and provided proof that he had a legitimate source of income. Additionally, he attempted to get the actual owner, [Antonio]

_____

pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. On October 12, 2018, the trial court entered an order stating that the issues Appellant advanced in his Rule 1925(b) statement were addressed in the trial court's August 10, 2018 decision. Accordingly, the trial court forwarded the certified record to this Court for review.

- 5 -

Acklin, to take responsibility for the items. When the factors are viewed together, the Commonwealth proved at best that [Appellant] had money in his pocket, was a passenger in a vehicle he did not own, where controlled substances were found in the trunk and [Appellant] had no drug paraphernalia on his person.

*Id.* at 15-16.[4]

Our standard of review is well-settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Although a conviction must be based on more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty.

*Commonwealth v. Thomas*, 194 A.3d 159, 166 (Pa. Super. 2018) (internal citations and quotations omitted).

The Controlled Substances Act states, in pertinent part:

---

[4] Appellant does not challenge his conviction for false identification to authorities. As such, we need not examine that crime.

- 6 -

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

\* \* \*

(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

\* \* \*

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

\* \* \*

(32) The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

35 P.S. §780-113(a)(16), (30), and (32).

Because Appellant was not in physical possession of the contraband, the Commonwealth relied upon the principle of constructive possession of the seized items to support Appellant's convictions:

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have

defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances. Additionally, it is possible for two people to have joint constructive possession of an item of contraband.

*Commonwealth v. Hopkins*, 67 A.3d 817, 820–821 (Pa. Super. 2013).

Upon our review, including viewing the video and audio recording from the police cruiser, we conclude there was sufficient evidence to support Appellant's convictions. Initially, we note that Appellant presents his sufficiency of the evidence claim with facts and argument in the light most favorable to himself, which is contrary to our standard of review. When examining the totality of the facts and circumstances, in the light most favorable to the Commonwealth, as our standard requires, we find sufficient evidence to support Appellant's narcotics-related convictions. Here, there was ample evidence that Appellant intended to exercise control over the recovered contraband. The video and audio recordings show that Appellant knew what was inside the various bags recovered from the vehicle while the officers were conducting the search. Later, Appellant told police that the white powder was cocaine, before police could determine the substance. Testing confirmed that the powder was cocaine. From this, a jury was free to determine that because Appellant knew specific information about the narcotics, he exercised conscious dominion. Moreover, while Appellant can be heard asking Acklin to accept responsibility on the recording and Appellant testified that the narcotics and paraphernalia were Acklin's at trial, the jury was free to believe all, part,

or none of the testimony. Finally, Appellant gave the police two false names. Evidence of self-concealment, including providing false names during contact with police, may be admitted to show consciousness of guilt. **See Commonwealth v. Toro**, 638 A.2d 991, 998 (Pa. Super. 1994). Based on a totality of the circumstances, we find sufficient evidence to support Appellant's convictions.

In his second issue, Appellant claims that his convictions were against the weight of the evidence presented. Appellant's Brief at 14-16. Here, Appellant advances the same argument he made concerning the sufficiency of the evidence. **Id.** He claims that the jury's verdict shocks one's sense of justice and requires a new trial. **Id.** at 14.

Our standard of review is as follows:

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the

evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence.

*Commonwealth v. Antidormi*, 84 A.3d 736, 758 (Pa. Super. 2014) (internal citations, quotations, and brackets omitted).

Based on our review of the record, we conclude that Appellant's weight of the evidence claim is without merit. Having already determined that there was sufficient evidence to support Appellant's narcotics-related convictions, we conclude that those convictions are not against the weight of the evidence for the same reasons. Regarding his conviction for false identification to law enforcement authorities,[5] the record is clear that Appellant twice gave officers a name that was not his. Officer Paparella testified as such and Appellant is heard on the police recording giving two different names. *See* N.T., 2/27/2018, at 28-30, *citing* Exhibit 16 (police cruiser recording). For all of the foregoing reasons, Appellant's convictions do not shock the conscience of the court. Moreover, Appellant's weight of the evidence claim is based upon

---

[5] Appellant does not argue that his false identification to law enforcement authorities conviction is against the weight of the evidence. As such, he has waived this aspect of this claim, but as discussed, we find it is otherwise without merit.

alleged conflicts in testimony and, as set forth above, a new trial is not warranted in such instances. As such, his second issue fails.

Finally, in his last issue presented, Appellant contends that the trial court erred by denying a request for a mistrial after Officer James Paparella testified that police had received a telephone call from an unknown third-party that someone was smoking marijuana near a disabled vehicle. Appellant's Brief at 16-17. Appellant objected to the testimony as hearsay, arguing the Commonwealth violated discovery rules by not providing the information prior to trial and the police "reports indicated that the only information received from the phone call was a vehicle was disabled." *Id.* at 16. However, Appellant has failed to cite any legal authority on this issue and, as such, we find it waived. *See In re Estate of Whitley*, 50 A.3d 203, 209–210 (Pa. Super. 2012) ("This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal."); *see also* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[,] followed by such discussion and citation of authorities as are deemed pertinent."); *see also* Pa.R.A.P. 2101 ("Briefs […] shall conform in all material respects with the requirements of [the] rules [of appellate procedure] as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief […] and are substantial, the appeal or other matter may be quashed or

dismissed."). Appellant failed to support his third argument with any legal authority and we find it waived.[6]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/15/2019

---

[6] In the alternative, we would find that Appellant was not entitled to relief on this issue. Here, the trial court properly determined that the Commonwealth did not elicit Officer Paparella's inadvertent testimony that an anonymous caller reported that people were smoking marijuana near a disabled vehicle. The trial court issued a cautionary instruction to the jury to disregard the hearsay testimony. We presume the jury followed the trial court's instructions. **See Commonwealth v. Johnson**, 192 A.3d 1149, 1154 (Pa. Super. 2018).