J-S48005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES CADE | : | |
| | : | |
| Appellant | : | No. 231 EDA 2019 |

Appeal from the PCRA Order Entered December 17, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0008147-2013

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.*

MEMORANDUM BY BOWES, J.:                **FILED SEPTEMBER 19, 2019**

James Cade appeals from the order that dismissed as untimely his petition filed pursuant to the Post-Conviction Relief Act ("PCRA").  We affirm.

Appellant pled no contest to involuntary deviate sexual intercourse and corruption of minors in 1994, and was sentenced to three to ten years of imprisonment.  When he was released from prison at the expiration of his maximum sentence, he was required to register as a sex offender under Megan's Law.

In March 2013, Appellant was charged with failure to register under the Sex Offender Registration and Notification Act ("SORNA").  He pled guilty to that offense on April 8, 2014, and was sentenced to three to six years of incarceration.  Appellant filed no direct appeal.

_____

* Retired Senior Judge assigned to the Superior Court.

Appellant filed a *pro se* PCRA petition on January 1, 2018.[1] Subsequently-appointed counsel filed an amended petition, claiming that Appellant's conviction and sentence resulted from unconstitutional retroactive application of SORNA in violation of **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (decided July 19, 2017). After the Commonwealth filed a response in opposition to the grant of PCRA relief, the PCRA court issued notice of its intent to dismiss the petition without a hearing on the basis that it was untimely. Hearing no response, the PCRA court dismissed Appellant's petition by order dated December 17, 2018. Appellant filed a timely notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents this Court with the following question: "was the [PCRA] court in error for dismissing Appellant's petition for post conviction relief in that his sentence received was unconstitutional pursuant to [**Muniz**] and its progeny?" Appellant's brief at 4 (unnecessary capitalization omitted).

We begin our consideration of Appellant's question with a review of the applicable legal principles. "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error."

---

[1] The petition is dated January 1, 2018, but was not docketed until January 8, 2018. The PCRA court properly deemed it to have been filed on January 1, 2018. PCRA Court Opinion, 3/8/19, at 1. **See**, **e.g.**, **Commonwealth v. Johnson**, 192 A.3d 1149, 1152 n.4 (Pa.Super. 2018) (explaining that, pursuant to the prisoner mailbox rule, "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing").

*Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa.Super. 2017). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa.Super. 2012).

The first hurdle for a PCRA petitioner is establishing the timeliness of the petition. *See Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa.Super. 2018) ("If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition."). For a petition to be timely under the PCRA, it must be filed within one year of the date that the petitioner's judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1).

Appellant in effect concedes that his petition is patently untimely, but contends that it satisfied the new-retroactive-constitutional-right timeliness exception codified at 42 Pa.C.S. § 9545(b)(1)(iii). Appellant's brief at 13; Amended PCRA Petition, 5/14/18, at ¶ 12. The PCRA court rejected Appellant's contention pursuant to this Court's decision in *Commonwealth v. Murphy*, 180 A.3d 402 (Pa.Super. 2018). PCRA Court Opinion, 3/8/19, at 4.

As we explained in *Murphy*,

*Muniz* cannot satisfy the new retroactive right exception of section 9545(b)(1)(iii). . . . [O]ur Supreme Court held that,

subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the

- 3 -

> Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.
>
> . . . [B]ecause Appellant's PCRA petition is untimely . . . , he must demonstrate that the Pennsylvania Supreme Court has held that **Muniz** applies retroactively in order to satisfy section 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on **Muniz** to meet that timeliness exception

**Murphy**, **supra** at 405–06 (cleaned up).

The PCRA court's application of **Murphy** was correct. Furthermore, even if Appellant is correct that "**Muniz** is retroactive on its face," Appellant's brief at 13, the PCRA court aptly observed that Appellant did not file the instant petition within sixty days of the **Muniz** decision as was required by 42 Pa.C.S. § 9545(b)(2).[2] PCRA Court Opinion, 3/8/19, at 4.

---

[2] As of December 24, 2018, 42 Pa.C.S. § 9545(b)(2) was amended to provide that a PCRA petition invoking a timeliness exception must be filed within one year, rather than sixty days, of the date the claim could have been presented. However, the amendment did not apply in the instant case, as Appellant's claim arose before December 24, 2017. **See** Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146.

- 4 -

Accordingly, Appellant failed to establish that a timeliness exception applied to provide the PCRA court with jurisdiction to grant him relief. As such, he is entitled to no relief from this Court.

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/19