J. A02045/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　:　　　　　PENNSYLVANIA
　　　　　　　　v.　　　　　　　　:
　　　　　　　　　　　　　　　　:
DESMUND DATRE RAND FORD,　　　　:　　　No. 29 WDA 2019
　　　　　　　　　　　　　　　　:
　　　　　　　Appellant　　　　　:

Appeal from the Judgment of Sentence Entered December 4, 2018,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0002131-2018

BEFORE:  SHOGAN, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　**FILED MARCH 10, 2020**

Desmund Datre Rand Ford appeals from the December 4, 2018 judgment of sentence entered in the Court of Common Pleas of Allegheny County after a jury convicted him of carrying a firearm without a license and possession of a small amount of marijuana.[1]  The trial court sentenced appellant to a term of incarceration of not less than three nor more than six years for carrying a firearm without a license.  No further penalty was imposed on the possession of a small amount of marijuana conviction.  We affirm.

The trial judge, the Honorable Donna Jo McDaniel, retired and the case was assigned to the Honorable Edward J. Borkowski, who authored the

---

[1] 18 Pa.C.S.A. §6106(a)(1) and 35 Pa.C.S.A. §780-113(a)(31), respectively.

Pa.R.A.P. 1925(a) opinion. We adopt the following statement of facts from that opinion:

> On January 30, 2018, Officer Keith McGann was working in the McKeesport area when he attempted to initiate a traffic stop on a tan Ford Taurus with an inoperable taillight and expired inspection stickers. Officer McGann activated his lights and sirens, but the Ford Taurus did not immediately come to a stop. When the vehicle eventually stopped, Officer McGann and his partner approached the driver and passenger side doors and observed the occupants of the vehicle. They observed the driver lean over the passenger and then the passenger lean forward as if he had been handed something. The driver of the vehicle identified himself as Desmund Ford (hereinafter "Appellant"). Appellant appeared nervous, was stuttering, and was unable to provide identification. Officers noticed a strong odor of marijuana coming from the vehicle.
>
> Appellant was removed from the vehicle and a pat down was conducted for officer safety, wherein marijuana buds were discovered in Appellant's pocket. The marijuana was subsequently packaged for evidence. An empty gun holster clipped on the inside of Appellant's waistband was also recovered. Appellant was then placed in handcuffs. Officer McGann then noticed an extended magazine with 15-17 rounds of ammunition in the pocket of the driver's side door.
>
> Officer McGann's partners removed the passenger from the vehicle and conducted a search of that area of the vehicle. A loaded handgun was subsequently recovered from the glove compartment of the vehicle. Appellant stated that he was at the gun range earlier that day and acknowledged the presence of the firearm in the vehicle. Appellant did not possess a license to carry a firearm. Detective Shannon Hasek verified that the handgun recovered from the glove compartment fit perfectly inside the holster discovered on Appellant's belt when they were logged into evidence.

Trial court opinion, 6/27/19 at 4-5 (citations to notes of testimony omitted).

Following the imposition of sentence, appellant filed post-sentence motions, which were denied.[2] Appellant filed a timely notice of appeal. On January 7, 2019, Judge McDaniel directed appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[3] Counsel for appellant filed a Rule 1925(b) statement on February 6, 2019. Judge Borkowski then filed a Rule 1925(a) opinion.

Appellant raises the following issues for our review:

> [1.] To prove constructive possession, the Commonwealth must prove beyond a reasonable doubt [appellant] had the power and intention to control the item in question. The Commonwealth presented evidence that [appellant], while wearing an empty BB gun holster, made a non-descript movement towards the passenger while the vehicle was stopping and was nervous while being questioned in front of multiple officers. Accordingly:
>
> Did the Commonwealth present insufficient evidence to convict [appellant] of firearms not to be carried without a license?
>
> [2.] Whether the trial court abused its discretion by failing to grant a new trial where the uncontested evidence showed that [appellant's] friend, the lawful owner of the firearm, had misplaced the firearm inside [appellant's] vehicle, which established that [appellant's]

---

[2] Post-sentence motions were ruled on by the Judge McDaniel prior to her retirement on January 31, 2019. Judge Borkowski's Rule 1925(a) opinion addressed appellant's claims and concluded the record supported the trial judge's denial of appellant's post-sentence motions. (Trial court opinion, 6/27/19 at 7-9.)

[3] The order gave appellant until February 6, 2010, to file a Rule 1925(b) statement.

conviction for firearms not to be carried without a license was against [the] weight of the evidence[?]

Appellant's brief at 5 (extraneous capitalization omitted).

Appellant first complains the Commonwealth failed to produce sufficient evidence to support his conviction because it failed to establish beyond a reasonable doubt that appellant constructively possessed the firearm recovered from the glove compartment with the intent to control it.

> Our standard of review for a challenge to the sufficiency of the evidence is well settled. We must view all the evidence in the light most favorable to the verdict winner, giving that party the benefit of all reasonable inferences to be drawn therefrom. Additionally, it is not the role of an appellate court to weigh the evidence or to substitute our judgment for that of the fact-finder.

***Commonwealth v. Alford***, 880 A.2d 666, 669-670 (Pa.Super. 2005), ***appeal denied***, 890 A.2d 1055 (Pa. 2005), quoting ***Commonwealth v. Gruff***, 822 A.2d 773, 775 (Pa.Super. 2003), ***appeal denied***, 863 A.2d 1143 (Pa. 2004) (citations omitted).

A person is guilty of a felony in the third degree if he carries a firearm in a vehicle, or concealed on or about his person, without a valid and lawfully issued license. 18 Pa.C.S.A. §6106(a)(1). The Commonwealth must establish appellant acted intentionally, knowingly, or recklessly with respect to each element of § 6106(a)(1). ***Commonwealth v. Johnson,*** 192 A.3d 1149, 1155 (Pa.Super. 2018), ***appeal denied***, 200 A.3d 440 (Pa. 2019). Because the firearm was not found on appellant's person, the Commonwealth was also

required to prove appellant constructively possessed the firearm. ***See***

***Commonwealth v. Brown***, 48 A.3d 426, 430 (Pa.Super. 2012), ***appeal***

***denied***, 63 A.3d 1243 (Pa. 2013).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

***Commonwealth v. Parker***, 847 A.2d 745, 750 (Pa.Super. 2004) (internal

citations and quotation marks omitted). "In order to prove that a defendant

had constructive possession of a prohibited item, the Commonwealth must

establish that the defendant had both the ability to consciously exercise

control over it as well as the intent to exercise such control."

***Commonwealth v. Harvard***, 64 A.3d 690, 699 (Pa. Super. 2013) (citation

omitted), ***appeal denied***, 77 A.3d 636 (Pa. 2013). "An intent to maintain a

conscious dominion may be inferred from the totality of the circumstances,

and circumstantial evidence may be used to establish a defendant's

possession." ***Id.*** The only element of constructive possession appellant

challenges is the intent to control the firearm.

Here, Detective McGann testified he observed appellant operating a Ford

Taurus with expired inspection and emissions stickers and an inoperable

taillight. (Notes of testimony, 9/5/18 at 29, 94.) The detective initiated a traffic stop, but appellant did not stop until being blocked by a second police vehicle. (*Id.* at 29-30.)

Approaching the vehicle, Detective McGann observed appellant lean over with his arm as if handing something to the passenger who, in turn, leaned forward. (*Id.* at 31.) There was a strong odor of marijuana emanating from the vehicle. (*Id.* at 32.) A pat-down of appellant yielded marijuana buds and a nylon gun holster found clipped inside appellant's waistband. (*Id.* at 33, 34.) Detective McGann also observed an extended magazine with 15 to 17 rounds of ammunition protruding from the driver's side door pocket. (*Id.* at 35.)

Detective Steven Sywyj testified he removed the passenger from the vehicle. (*Id.* at 36, 61.) Detective Sywyj recovered a loaded black nine millimeter Springfield XD9 from the glove compartment. (*Id.* at 37, 62, 63.) Appellant said, "That's my -- we were at the range all day." (*Id.* at 37.) Detective Hasek testified the recovered firearm fit perfectly into the holster found clipped inside appellant's waistband. (*Id.* at 92.)

We are satisfied the totality of the circumstances warranted a finding of constructive possession of a firearm without a license. The fact-finder exclusively assesses witness credibility and may choose to believe all, part, or none of the evidence. ***Commonwealth v. Sanchez***, 36 A.3d 24, 39 (Pa. 2011). The jury, as fact-finder, could reasonably have inferred appellant had

both the ability and intent to control the firearm because he exercised control over the vehicle by driving the vehicle; had knowledge the firearm was in the glove compartment, accessible and available to him; was wearing a holster into which the gun fit perfectly; and had an extended magazine of ammunition located in the pocket of the driver's side door. Appellant's sufficiency claim, therefore, lacks merit.

As his final issue, appellant asserts the verdict was against the weight of the evidence.

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations omitted; emphasis omitted).

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice.

***Commonwealth v. Morgan***, 913 A.2d 906, 909 (Pa.Super. 2006), ***appeal denied***, 927 A.2d 623 (Pa. 2007); ***Commonwealth v. Devine***, 26 A.3d 1139, 1146 (Pa.Super. 2011), ***appeal denied***, 42 A.3d 1059 (Pa. 2012).

Appellant specifically claims the verdict was against the weight of the evidence because appellant "presented uncontested evidence that the firearm's registered owner placed the firearm in the passenger [side glove] compartment" which would preclude a finding of constructive possession. (Appellant's brief at 20.) The testimony, however, does not preclude a finding that appellant was in constructive possession of the firearm. Moreover, we cannot substitute our judgment for that of the fact-finder. ***See Devine***, 26 A.3d at 1146. The jury was free to believe or disbelieve appellant's witness. The trial court properly concluded the verdict was not against the weight of the evidence and did not shock one's sense of justice.

Judgment of sentence affirmed.

J. A02045/20


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/10/2020