J-A20022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMIAN CHRISTOPHER METZ | : | |
| | : | |
| Appellant | : | No. 1874 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 14, 2018
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000384-2017

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 01, 2020**

Damian Christopher Metz ("Metz") appeals from the judgment of sentence entered on June 14, 2018 following his conviction for indecent assault of a person less than 13 years of age.[1] He challenges the sufficiency and weight of the evidence, as well as the application of the Sex Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41 ("SORNA"), and the amendments thereto. We affirm the judgment of sentence.

Metz was charged with various sexual offenses stemming from an allegation that he inappropriately touched his cousin's four-year-old daughter. The evidence at trial revealed that in March of 2017, Metz attended a party attended by approximately 15 adults and six children, including the victim.

---

[1] 18 Pa.C.S.A. § 3126(a)(7).

N.T., 3/15/18-3/16/18, at 152-153, 185-186, 202. Several weeks afterward, the victim's maternal grandmother was giving the victim a bath and the victim reported that Metz had put his hand inside her pants and rubbed her vagina while they were at the party. *Id.* at 20-22. The victim's maternal grandmother told the victim's mother about what the victim had said. *Id.* at 22-23. The victim's mother then told the victim's paternal great-grandmother who reported the abuse to Children and Youth Services ("CYS"). *Id.* at 81-82, 172-173, 175. CYS reported the allegations to the Pennsylvania State Police who conducted an investigation. *Id.* at 147-148. State Trooper Jeffrey Hahn filed charges against Metz on July 6, 2017. *Id.* at 157.

The child was examined by an emergency room doctor approximately two months after the party, on May 18, 2017, and the doctor found no evidence of sexual trauma. *Id.* at 54-55. The child was examined by a second doctor on June 20, 2017 and July 12, 2017, who also concluded that there was no evidence of sexual trauma. *Id.* at 143-145.

The child did not testify at the trial. However, a DVD of the child's forensic interview conducted by the Cambria County Child Advocacy Center was played for the jury.[2] During the forensic interview, the child disclosed that Metz put his hand under her clothes and rubbed her vagina while they were outside on the porch at the party. Commonwealth Exhibit 2.

_____

[2] Prior to trial, the trial court ruled that the child was unavailable as a witness and that the DVD forensic interview was admissible.

Metz did not testify at the trial. However, he presented several witnesses who testified that they were at the party and did not see Metz and the victim alone together at the party at any time. N.T., 3/15/18-3/16/18, at 185-186, 204, 230-231, 238, 242-243. Several defense witnesses also testified that the victim's mother was known in the community for her dishonesty. *Id.* at 178-79, 186, 204-205, 214-215, 219, 224, 230, 239. Additionally, there was testimony that there was an ongoing custody dispute of the child between the maternal side of the family and the paternal side of the family. *Id.* at 26, 65, 173.[3]

The jury convicted Metz of indecent assault of a person less than 13 years of age. He was sentenced to 10 to 24 months of incarceration and was ordered to register pursuant to SORNA. Metz filed a timely appeal raising the following three issues for our review:

1. Is Mr. Metz entitled to a verdict of acquittal, given that the evidence presented against him was so weak and tenuous?

2. Alternatively, is Mr. Metz entitled to a new trial, given that the great weight of the evidence demonstrated that he was innocent, and that evidence discovered after trial supports his innocence?

3. Should Mr. Metz be exempt from registration under the Sex Offenders Registration and Notification Act, given

---

[3] There was also testimony that the victim had been adjudicated dependent and was in the legal custody of CYS for reasons unrelated to this case. N.T., 3/15/18-3/16/18, at 51-52, 70-71. At the time of trial, the victim was placed with her paternal great-grandmother. *Id.* at 71.

that no constitutionally valid version of the Act was in effect at the time of his alleged conduct?

Metz's Br. at 3-4.

Metz first argues that the evidence against him at trial was insufficient to support the conviction because it was weak and inconclusive. Metz's Br. at 11. Metz contends, based on the victim's demeanor in the forensic interview, that the interview of the victim showed that the victim was inadvertently coached by the forensic interviewer or actively coached by her mother. *Id.* Metz also argues that the victim's mother's testimony was contradictory, as she provided four different dates spanning a period of two weeks in May 2017 as to when she first learned of the allegations against Metz. *Id.* at 13.

Further, Metz maintains that the medical evidence regarding potential injuries to the victim carried no conclusive weight in favor of the Commonwealth since there was no medical evidence that the victim had suffered sexual trauma. *Id*. at 14. Metz also argues his statements to the police that he "never babysat [the victim] because he never wanted to be accused of molesting kids" and that he played with the victim for 15 to 20 minutes at the party lacked any probative value and could not be accepted as evidence against Metz. *Id.* at 14-15.

These arguments lack merit. When reviewing a challenge to the sufficiency of the evidence, our standard of review is *de novo*, while "our scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the

Commonwealth as the verdict winner." ***Commonwealth v. Rushing***, 99 A.3d 416, 420-21 (Pa. 2014). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). The Commonwealth may sustain its burden by means of wholly circumstantial evidence. ***Commonwealth v. Dix***, 207 A.3d 383, 390 (Pa.Super. 2019). Further, "any doubt about the defendant's guilt is to be resolved by the fact-finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." ***Commonwealth v. Mobley***, 14 A.3d 887, 890 (Pa.Super. 2011) (quoting ***Commonwealth v. Mollett***, 5 A.3d 291, 313 (Pa.Super. 2010)). Additionally, "this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed." ***Commonwealth v. Smith***, 146 A.3d 257, 261 (Pa.Super. 2016).

Metz was convicted of indecent assault of a person less than 13 years of age. Indecent assault is defined, in relevant part, as follows:

> (a) Offense defined.--A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:
>
> …
>
> (7) the complainant is less than 13 years of age[.]

18 Pa.C.S.A. § 3126(a)(7).

Viewing all of the evidence admitted at trial in the light most favorable to the Commonwealth as verdict-winner, the evidence was sufficient to establish all of the elements of indecent assault. It was undisputed that the victim was four years old at the time of the incident. The Commonwealth presented the testimony of the victim's maternal grandmother that while she was giving the victim a bath, the victim voluntarily disclosed that Metz put his hand inside her pants and rubbed her vagina while they were at the party. The Commonwealth also presented the testimony of the victim's mother, the doctor who examined the child, the forensic interviewer, and the state trooper who investigated the case.

Most significantly, the Commonwealth presented a DVD forensic interview of the child to the jury, in which the child plainly disclosed that Metz had rubbed her vagina under her pants. It is well-settled that "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." *Commonwealth v. Lyons*, 833 A.2d 245, 258 (Pa.Super. 2003) (citation omitted); *see also* 18 Pa.C.S.A. § 3106 ("The credibility of a complainant of an offense under this chapter [regarding sexual offenses] shall be determined by the same standard as is the credibility of a complainant of any other crime. The testimony of a complainant need not be corroborated in prosecutions under this chapter"). Moreover, the record is devoid of any evidence that the child was "coached." Accordingly, we conclude the evidence was sufficient to sustain a conviction for indecent assault.

Metz next challenges the weight of the evidence. He contends that six defense witnesses testified that the only time that Metz and the victim were both at the home where the party occurred at the same time was in March of 2017, and even then, they were never alone together. Metz's Br. at 17. Further, Metz argues that numerous witnesses testified that the victim's mother had a reputation for dishonesty. *Id.* at 17-18. Metz again asserts that there was testimony presented at trial that the victim was the subject of an ongoing custody battle between the maternal and paternal sides of the family. *Id*. at 18. Metz states that the victim's mother had motivation to fabricate an accusation against the paternal side of the family, which included Metz, and therefore coached her daughter to lie about the accusation against Metz. *Id.* Metz's argument is without merit.

When reviewing a weight challenge on appeal, we do not determine ourselves whether the verdict was against the weight of the evidence. Rather, we review the trial court's exercise of its discretion in determining, in the first instance, whether to sustain the challenge. *Commonwealth v. Johnson*, 192 A.3d 1149, 1152-1153 (Pa.Super. 2018) (citation omitted). The trial court may grant a new trial based on a weight of the evidence claim only "where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice." *Commonwealth v. Houser*, 18 A.3d 1128, 1135-1136 (Pa. 2011). Further, "[w]hen the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited." *Commonwealth v. Bowen*, 55 A.3d 1254, 1262

(Pa.Super. 2012) (citation omitted). Usually, "unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review." *Id.*

Here, the trial court found the verdict was not against the weight of the evidence, noting the jury was free to determine the credibility of the witnesses. Trial Court Opinion, filed January 11, 2019, at 4. By virtue of the verdict, it is clear that the jury, as the fact-finder and sole judge of credibility, believed the victim's statements over the testimony of the defense witnesses and chose not to accept Metz's theory of the case. The jury was free to believe all, part, or none of the evidence presented in judging the credibility of the witnesses, and presumably found the child to be credible. *Houser*, 18 A.3d at 1135-1136. The jury's choice not to believe Metz's version of the events was purely within its discretion and will not be disturbed on appeal. *See Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 160-161 (Pa.Super. 2007). Metz essentially asks that we reassess and reweigh the evidence presented at trial, which we will not do. Our review of the record indicates that the evidence supporting the jury verdict is not tenuous, vague, or uncertain. Therefore, we discern no abuse of discretion in the trial court's denial of Metz's weight challenge.

Metz further argues that he should be granted a new trial because evidence discovered after the trial supports his innocence. Metz's Br. at 19. Specifically, Metz's attorney states that shortly after the trial, he was informed by a witness who had testified at the trial that the victim had been reviewing

- 8 -

family photographs with a family member and was unable to identify Metz when viewing a photograph of him. *Id.* at 20. Metz states that this evidence directly contradicts the evidence presented in the DVD forensic interview in which the child identified Metz as the perpetrator of the crime. *Id.*

A new trial may be granted on the basis of after-discovered evidence only if it is demonstrated that the evidence:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa.Super. 2010) (quoting *Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008)). "The test is conjunctive; the defendant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." *Id.* Further, a trial court's refusal to grant a new trial on the basis of after-discovered evidence will not be disturbed on appeal absent a clear abuse of discretion. *Commonwealth v. Weis*, 611 A.2d 1218, 1228 (Pa.Super. 1992).

Here, Metz's purported after-discovered evidence would be used solely to impeach the credibility of the victim, namely the victim's identification of Metz as the perpetrator. "A defendant seeking a new trial must demonstrate he will not use the alleged after-discovered evidence solely to impeach a witness's credibility." *Commonwealth v. Griffin*, 137 A.3d 605, 610

(Pa.Super. 2016) (internal quotation marks and citation omitted). As such, Metz has failed to satisfy the third prong of the after-discovered evidence test and this issue is without merit.

Lastly, Metz argues that he should not be required to register under SORNA because SORNA is unconstitutional as applied to him. Metz's Br. at 23. He points out that in **Commonwealth v. Muniz**, 164 A.3d 1189, 1195 (Pa. 2017), the Pennsylvania Supreme Court declared SORNA's then-existing registration provisions unconstitutional as applied to a defendant whose crime occurred before SORNA's passage in 2012. He also notes that since **Muniz**, the General Assembly amended SORNA with the passage of Act 10, which had an effective date of February 21, 2018. He claims that because his crime took place in March 2017 – *i.e.*, before Act 10's effective date – application of SORNA to him violates the *Ex Post Facto* Clauses of both the United States and Pennsylvania Constitutions. **Id.**

An *ex post facto* violation can occur in several contexts, but only one is relevant here. A law violates the *Ex Post Facto* Clause of the Pennsylvania and United States Constitutions if it increases a crime's punishment from that which was in effect at the time of the crime's commission. **Muniz**, 164 A.3d at 1195.

SORNA came into existence in 2011, with an effective date of December 20, 2012. In **Muniz**, the Pennsylvania Supreme Court found that applying SORNA to those who committed crimes before SORNA's enactment violated the *Ex Post Facto* Clause of the Pennsylvania Constitution. 164 A.3d at 1223.

In response, the General Assembly enacted Acts 10 and 29 of 2018. *Commonwealth v. Alston*, 212 A.3d 526, 529 (Pa.Super. 2019). The General Assembly "modified Subchapter H's registration requirements for those offenders convicted of committing offenses that occurred on or after SORNA's" original effective date in 2012. *Commonwealth v. Bricker*, 198 A.3d 371, 375 (Pa.Super. 2018). It also created Subchapter I, which applies to sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012, and contains less stringent reporting requirements than Subchapter H. *Alston*, 212 A.3d at 529.

Metz's argument is too undeveloped to afford him relief, as he does not argue that the modified version of Subchapter H in effect in the wake of Acts 10 and 29 amounts to punishment, or that the punishment increased from that in effect at the time of his crimes. *See* Pa.R.A.P. 2119.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/01/2020

- 11 -