J-A21022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ANTHONY WILLIAMS :
:
Appellant : No. 2340 EDA 2021

Appeal from the PCRA Order Entered October 19, 2021
In the Court of Common Pleas of Lehigh County
Criminal Division at CP-39-CR-0003401-2019

BEFORE: LAZARUS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.: **FILED OCTOBER 7, 2022**

Anthony Williams (Appellant) appeals *pro se*[1] from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. After careful consideration, we affirm.

On July 22, 2019, the Commonwealth charged Appellant with aggravated assault, simple assault, and resisting arrest.[2] The charges arose "as a result of an incident with a corrections officer at the Lehigh County Jail." Appellant's Brief at vii. The PCRA court explained:

> On July 22, 2020, [Appellant], proceeding *pro se*, pleaded guilty to Simple Assault, graded as a misdemeanor of the second degree, and was immediately sentenced to 9-18 months in a State Correctional Institution, to run consecutively to his sentence of 3-

---

[1] The PCRA court observed that Appellant "has a history of representing himself." N.T., 7/9/21, at 4.

[2] 18 Pa.C.S.A. §§ 2702(a)(3), 2701(a)(1), and 5104.

> 7 years in case CR-1093-2019. [Appellant] did not file post-sentence motions or an appeal.
>
> On February 18, 2021, [Appellant] filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), and [the PCRA court] appointed Robert E. Sletvold, Esquire, to represent [Appellant]. [Appellant] subsequently waived his right to counsel[, filed a *pro se* amended PCRA petition on June 15, 2021,] and[, after the PCRA court conducted a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998),] proceeded to represent himself at a hearing on July 9, 2021. [Appellant] alleges his guilty plea was unlawfully induced. Specifically, [Appellant] claims he was threatened into pleading guilty by prison staff; that he did not know he was on parole at the time of his guilty plea; and that he was not given a proper guilty plea colloquy.

PCRA Court Opinion, 10/19/21, at 1 (footnote omitted).

The PCRA court denied relief on October 19, 2021. Appellant filed a timely notice of appeal. On December 7, 2021, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement. The Lehigh County Clerk of Courts docketed Appellant's Rule 1925(b) statement on December 29, 2021, although the envelope filed with the statement bears a postal stamp date of December 21, 2021. ***See Commonwealth v. Johnson***, 192 A.3d 1149, 1152 n.4 (Pa. Super. 2018) (Pursuant to the prisoner mailbox rule, a *pro se* filing by a prisoner is deemed filed on the date the prisoner delivers it to prison authorities for mailing). On January 19, 2022, the PCRA court issued an order stating, *inter alia*, that its "reasons for denying [Appellant's] PCRA petition were sufficiently addressed in [the] order and opinion filed October 19, 2021." Order, 1/19/22, at 1 n.1. The PCRA court concluded Appellant's

"appeal is without merit and … his judgment of sentence [should] be affirmed."

*Id.*

Appellant presents the following issues for our review:

1. Appellant's guilty plea was not voluntarily and knowingly [entered], in violation of his due process rights under the U[nited] S[tates] [C]onstitution[.]

2. Appellant's guilty plea was entered without all 6 mandatory areas of inquiry for a guilty plea colloquy in violation of Appellant's rights under the due process clause of U[nited] S[tates] [C]onstitution[.]

Appellant's Brief at vi.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

At the outset, we address the Commonwealth's argument that Appellant waived his issues "because he failed to preserve them at any stage below." Commonwealth Brief at 6. The Commonwealth correctly observes that Appellant did not object at his plea colloquy, file post-sentence motions challenging his plea, or raise the issue on direct appeal. *Id.* at 6-7 (citations

omitted).[3]  At the PCRA hearing, Appellant conceded he did not challenge his plea prior to filing his PCRA petition.  **See** N.T., 7/9/21, at 44.  Thus, we agree with the Commonwealth.  However, in the absence of waiver, our review confirms that Appellant's issues would not merit relief.

To be eligible for relief under the PCRA, Appellant must plead and prove by a preponderance of the evidence that his guilty plea was unlawfully induced, and "the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent."  42 Pa.C.S.A. § 9543(a)(2)(iii).  "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise."  **Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).  On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances.  **Commonwealth v. Yeomans**, 24 A.3d 1044, 1047 (Pa. Super. 2011).

In both issues, Appellant argues his plea was not knowing or voluntary.[4] In his first issue, Appellant asserts staff at the Lehigh County Jail threatened

---

[3] The Commonwealth also asserts that Appellant's issues are meritless, and relies on the PCRA court's opinion, which "adequately addresses [Appellant's] appellate claim."  Commonwealth Brief at 8-9.

[4] Appellant waived his right to counsel and appeared *pro se* at the guilty plea hearing and PCRA hearing.  As the Pennsylvania Supreme Court has stated, "*pro se* status confers no special benefit upon a litigant, and a court cannot
*(Footnote Continued Next Page)*

him and coerced him into pleading. Appellant's Brief at 1. Appellant claims he was assaulted and threatened with assault. *Id.* at 3-4. He maintains he lacked "free will" when he completed his written plea colloquy, because he "had a legitimate fear for his life." *Id.* at 4. Appellant states that he did not "explain his fear" to the trial court during his oral plea colloquy because "a correctional officer stood behind me," and Appellant feared "the correctional officer would tell his sergeant [] that I didn't do what he told me to do under duress." *Id.*

We have explained:

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Pollard*, 832 A.2d at 523.

At the PCRA hearing, Appellant stated his "guilty plea was a threat. I was forced, I was coerced into doing it by staff at the prison." N.T., 7/9/21, at 8. Appellant testified, "at the direction of staff, I was assaulted by an inmate[.]" *Id.* at 16. Appellant stated that a sergeant directed him, "either

_____

be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading." ***Commonwealth v. Blakeney***, 108 A.3d 739, 766 (Pa. 2014).

you plead and get out of this jail or you will be assaulted again by either me or the other inmate that assaulted you before." *Id.* at 18.

The PCRA court did "not find [Appellant's] testimony to be credible." PCRA Court Opinion, 10/19/21, at 2. The PCRA court also referenced Appellant's written colloquy in concluding there was "no merit to [Appellant's] allegation." *Id.* at 2-3. The record supports the PCRA court's findings. *See Commonwealth v. Medina*, 92 A.3d 1210, 1214 (Pa. Super. 2014) (the PCRA court's credibility determinations, if supported by the record, are binding on this Court). *See also Commonwealth v. Martin*, 1 A.3d 868, 888 (Pa. 2010) (stating that factual findings of the PCRA court, "which hears evidence and passes on credibility of witnesses, should be given great deference").

Like the PCRA court, we reviewed the notes of testimony from the plea hearing. Appellant stated he "was not impaired in any way," and was answering questions truthfully. N.T., 7/22/20, at 5, 7. The trial court addressed Appellant:

> THE COURT: By pleading guilty here today, you're giving up your right to trial and everything that comes with trial. And, in fact, you are a veteran of trial. You have, in fact, tried your own case in the previous case. Nonetheless, we ask everyone to go over this guilty plea colloquy form that goes over the rights that are waived by pleading guilty. Do you remember going over this guilty plea colloquy form?
>
> [APPELLANT]: Yes, Your Honor. I have a copy here with me …
>
> THE COURT: Great. Do you have any questions about the document or about the rights that you're giving up?
>
> [APPELLANT]: No, Your Honor.

\*\*\*

> THE COURT: I'm going to mark [the written colloquy] as filed in court, and then I will make sure it gets down to the clerk's office and becomes a formal part of the record. So, again, [Appellant], these are questions that I always ask. Has anyone made any promises to you about my sentence other than what we've spoken about here in open court?
>
> [APPELLANT]: No, Your Honor.
>
> THE COURT: And has anybody forced you or threatened you to get you to enter this plea?
>
> [APPELLANT]: No.

*Id*. at 6-7, 9.

The trial court subsequently asked Appellant, "is there anything else that you want to put on the record before I impose sentence?" *Id.* at 13. Appellant answered: "No, not before sentence. Just that I ask that you instruct the sheriffs to get me to Northampton County [to] address [] issues." *Id.* The trial court replied that it would facilitate Appellant's transfer. *Id.* The hearing continued:

> THE COURT: Anything else, [Appellant]?
>
> [APPELLANT]: Yes. With regard to [Appellant's outstanding] motions.
>
> THE COURT: Yes.
>
> [APPELLANT]: … I just want to address them. So at this point we're just going to withdraw them?
>
> THE COURT: Perfect.
>
> [APPELLANT]: Okay.

> THE COURT: Yes. And we will put that either in a separate order or on the sentencing sheet that any outstanding motions are hereby withdrawn and dismissed. Thank you, [Appellant].
>
> [APPELLANT]: Okay. Thank you. Yes.

*Id.* at 15-16. Appellant then addressed the trial court: "Can I ask you something, Judge?" *Id.* at 16. When the trial court answered in the affirmative, Appellant asked: "Would you be doing your 1925(a) statement [] soon[?]" *Id.*

> THE COURT: I have [an opinion]. I did it. And I think that we were holding it up just to see if there was anything additional that you intended to file. I have it, I can file it, and then you're off to the Superior Court.
>
> [APPELLANT]: Did you want to have it sent to me? This way I could get it in case they take me in a few days. Maybe it could be [] faxed[?]

*Id.* at 16-17.

> Finally, as the hearing concluded:
>
> THE COURT: … Would you like me to appoint someone for you?
>
> [APPELLANT]: Negative.
>
> THE COURT: Negative. [Appellant], I can't say that it's been a pleasure, but it sure has been a ride, hasn't it?
>
> [APPELLANT]: Absolutely.
>
> THE COURT: I wish you the best. …

*Id.* at 19.

The totality of the circumstances, including the notes of testimony from Appellant's plea hearing, support the PCRA court's finding that Appellant was not coerced or forced to plead guilty. **Yeomans, supra**.

Within his first issue, Appellant additionally argues that his plea was invalid because he did not know he was on parole, "and so I thought … there would be no consequences." Appellant's Brief at 5-8. At the PCRA hearing, Appellant stated he "didn't know about parole. At the time, Your Honor, this case happened [when] I was in the prison. I had just came in for a parole violation and I wasn't told that I was on parole when that case happened." N.T., 7/9/21, at 8. Appellant claimed that if he knew he was on parole, he would not have entered a plea, and would have gone to trial. **Id.** at 20.

We would likewise defer to the PCRA court's determination regarding Appellant's parole claim. As the PCRA court explained:

> [Appellant] claims he was unaware that he was on parole at the time of his guilty plea and had he known, he would have gone to trial. Even if [Appellant] was not aware that he was on parole and what the consequences of his plea would be, it would not affect the validity of his plea as a revocation of probation or parole is a collateral consequence of pleading guilty. **Commonwealth v. Brown**, 680 A.2d 884, 887 (Pa. Super. 1996). Furthermore, between his oral colloquy and written colloquy, [Appellant]—who advised the court that he was not on parole—was sufficiently informed that his plea could result in a parole violation. **See** Notes of Testimony ("N.T."), July 22, 2020, p. 8-9; Guilty Plea Colloquy form ("Form"), p. 9, No. 43.

PCRA Court Opinion, 10/19/21, at 3.

In his second issue, Appellant argues the trial court conducted an inadequate plea colloquy. Appellant claims the trial court did not adhere to

the requirements of Pa.R.Crim.P. 590 (Pleas and Plea Agreements). Appellant states he "was unaware of the consequences of" his plea, and the trial court "failed to both go into and fully explain [the plea] adequately[.]" Appellant's Brief at 7-9. He contends the court "didn't inquire into my understanding as to what the maximum sentence without the plea would have been, at the time I thought I was facing 10-20 years … I was under the wrong impression." *Id.* at 10-11. Appellant claims that "it is clear from the record that the sentencing court failed to adequately inquire into the 6 mandatory areas required to determine if Appellant's guilty plea was knowing and understandably given." *Id.* at 12. Again, the record does not support Appellant's argument.

A valid guilty plea colloquy must delve into six areas: (1) the nature of the charges; (2) the factual basis for the plea; (3) the right to a jury trial; (4) the presumption of innocence; (5) the maximum sentencing ranges; and (6) the plea court's power to deviate from any recommended sentence. *See Commonwealth v. Flanagan*, 854 A.2d 489, 500 & n.8 (Pa. 2004).

> In determining whether a guilty plea was entered knowingly and voluntarily, ... a court is free to consider the totality of the circumstances surrounding the plea. Furthermore, nothing in [Rule 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citations omitted); *see also* Pa.R.Crim.P. 590 cmt.

At the PCRA hearing, Appellant challenged the "mandatory inquiry to the six areas under Rule 590. That was not done on the record[.]" N.T., 7/9/21, at 31. However, in response to the PCRA court's questioning, Appellant testified:

> THE COURT: Okay. Well, [the trial court at the plea hearing] did say – [the trial court] covered the nature of the charge, simple assault, with you, right? You agree with that on page 6 [of the transcript from the plea hearing]?
>
> [APPELLANT]: Yes.
>
> THE COURT: And [the trial court] explained to you the maximum penalty, two years in prison and/or $5,000 in fines; right?
>
> [APPELLANT]: Yes.
>
> THE COURT: And you said yes. Okay, and after [the trial court] explained it [the trial court] said do you understand the charge and the maximum possible penalty, and you said yes. And then [the trial court] said, "By pleading guilty here today you are giving up your right to trial and everything that comes with trial and, in fact, you are a veteran of trial. You have, in fact, tried your own case in a previous case, nonetheless, we ask everyone to go over this guilty plea colloquy form that goes over the rights that are waived when pleading guilty. Do you remember going over this guilty plea colloquy form?" You said, "Yes, Your Honor, I have a copy here with me," and [the trial court] said, "Great. Do you have any questions about the document or the rights you are giving up," and you said, "No, Your Honor." Now, I assume you read the guilty plea colloquy form before you signed it; right?
>
> [APPELLANT]: Yes.
>
> THE COURT: And you have an associate's degree?
>
> [APPELLANT]: Yes.
>
> THE COURT: You can read, write, speak and understand English without difficulty; right?

[APPELLANT]: Right.

THE COURT: And you could a year ago; right?

[APPELLANT]: Say that again, Your Honor?

THE COURT: You could read, write, speak an understand English without difficulty a year ago; right?

[APPELLANT]: Yes.

THE COURT: Nothing has changed?

[APPELLAN T]: No.

THE COURT: So what is your beef here?

[APPELLANT]: My argument is that this isn't the inquiry that is required by Pennsylvania Rule of Criminal Procedure 590.

THE COURT: Well, actually it is covered in your written colloquy.

*Id.* at 31-33.

The Commonwealth then questioned Appellant:

Q. Now, when we did the guilty plea on July 22, 2020, and I am reading the transcript, do you agree the plea agreement was 9 to 18 months … consecutive to your receiving stolen property case?

A. Yes.

[COMMONWEALTH]: Judge, I know a transcript was prepared of the July 22, 2020 guilty plea and sentencing, and I would ask that be made part of the record of this hearing.

THE COURT: It will be made part of the record for the hearing.

[COMMONWEALTH]: In addition, I am not going to go through the colloquy with [Appellant], the guilty plea written colloquy. I did check the court file. The original guilty plea colloquy that was completed by [Appellant] is in the court file and I would just ask that be made part of the record of this hearing.

- 12 -

THE COURT: That would be made part of the record.

*Id.* at 42.

The record supports the PCRA court's determination that Appellant was "sufficiently apprised of all his rights and the potential consequences of pleading guilty." PCRA Court Opinion, 10/19/21, at 4. Appellant's written and oral colloquies were executed in conformance with Pa.R.Crim.P. 590. ***See id.*** (citing notes of testimony from the July 22, 2020, plea hearing and written guilty plea colloquy form). The PCRA court concluded:

> [Appellant's] claim that [the trial court] did not cover the six areas required by Pennsylvania Rule of Criminal Procedure 590 is contradicted by the record. While [the trial court] may not have asked the questions word-for-word as they are found in the [R]ule, there is no requirement that a judge do so. The only requirement is that a judge elicit information regarding the six areas set forth in the comment to the rule, and between the written and oral colloquies, this was sufficiently done in this case. Pa.R.Crim.P. 590 (Comment) (the rule does not preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings, so long as it is supplemented by some on-the-record oral examination).

PCRA Court Opinion, 10/19/21, at 4.

For the above reasons, the PCRA court did not err or abuse its discretion in denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2022